MAXWELL et al. v. McDANIELS (two cases).

In re GILLASPIE.

(Circuit Court of Appeals, Fourth Circuit. March 14, 1912.)

Nos. 1,089, 1,090.

1. BANKRUPTCY (§ 336*)—PROOF OF CLAIMS—AMENDMENT.

A creditor who has proved a claim against a bankrupt as unsecured may, after the lapse of a year from the adjudication, amend the proof so as to show that it is secured, unless the circumstances are such that under the general rules of law applicable to like transactions he would in other tribunals be estopped.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 523; Dec. Dig. § 336.*]

2. BANKRUPTCY (§ 312*)—CREDITORS—ESTOPPED TO CLAIM SECURITY.

That a creditor of a bankrupt prior to the bankruptcy had commenced a suit to set aside a deed as fraudulent does not estop him, on the determining of the suit against him, from claiming the benefit of a lien reserved by such deed for his benefit and that of certain other creditors.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 496–500; Dec. Dig. § 312.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Petition to Revise Proceedings of, and appeal from, the District Court of the United States for the Northern District of West Virginia, at Philippi, in Bankruptcy.

In the matter of C. D. Gillaspie, bankrupt. Petition by Claude W. Maxwell, trustee, the Elkins Furniture & Hardware Company, H. J. Reedy Company, the Kendall Furniture Company, and the People's National Bank of Elkins, as creditors, to review and appeal from an order in favor of Kate McDaniels, administratrix of Isaac McDaniels, deceased. Affirmed.

E. A. Bowers, S. T. Spears, and D. H. Hill Arnold, for petitioners and appellants.

J. P. Scott, A. M. Cunningham, and A. R. Stallings, for respondent and appellee.

Before PRITCHARD, Circuit Judge, and BOYD and ROSE, District Judges.

ROSE, District Judge. The same question is brought up both by the petition to review and by appeal. It is narrow. The petitioners and appellants are the trustee and certain creditors of C. D. Gillaspie, a bankrupt. For convenience they will be referred to briefly as the trustee. Gillaspie will be called the bankrupt.

The appellee and respondent is the administratrix of Isaac McDaniels. She claims that her husband was a secured creditor. She succeeds to his rights. She and he will each be described as the creditor; it not being important to distinguish between them. At and before the 12th of May, 1906, the bankrupt and certain other persons were engaged in the erection and furnishing of a hotel at Elkins. At the date named $10,000 was borrowed from the creditor for this purpose. For this sum a promissory note, payable four months after date, was given by the bankrupt and indorsed by the other parties. Subsequently, on the 15th of August, 1907, the other parties by deed conveyed their undivided two-thirds in the hotel and its furnishings to the bankrupt and to Minnie Mae Gillaspie. A part of the consideration for this deed was the assumption by the grantees therein "of all notes now outstanding executed by the" other parties and the said bankrupt "for money borrowed by them used in the construction, purchase of material, the payment of labor and furniture and fixtures of the hotel." The grantees entered into possession of the property conveyed by the deed. On December 5, 1907, the creditor presented his bill of complaint against the bankrupt and others in which he said that the deed before mentioned had been made in fraud of creditors of the bankrupt and his associates in the hotel enterprise. On that and other grounds it prayed for the appointment of a receiver of the property of the bankrupt. See Maxwell v. McDaniels, 184 Fed. 311, 106 C. C. A. 453.

Subsequently, and within four months after the filing of the bill of complaint, an involuntary petition was filed against the bankrupt upon which he was on the 3d of April, 1909, adjudicated. It was held by this court that the court below had in the equity proceeding

no jurisdiction to appoint the receiver or to entertain the bill. It was accordingly· dismissed.

The first meeting of the creditors in bankruptcy appears to have been held February 7, 1910. At that time the creditor filed his proof of claim upon this $10,000 note. The proof was defective, in that it does not appear that the promissory note was filed with the claim. The affidavit was in the usual form for proof of an unsecured debt. It was not appropriate to a secured claim. It indeed contained the statement that the creditor had not, nor had any person for his order or to his knowledge and belief for his use, "had or received any manner of security for said debt whatever." Nevertheless, it appears from the certificate of the referee that the creditor by his attorneys at the time of filing such proof verbally claimed the same to be a secured claim, that there was no objection to it as such, and it was at ·that time so allowed. More than a year afterwards the trustee in bankruptcy excepted to its allowance on the ground that it was not a claim against the bankrupt individually, but was a debt due by a copartnership; and, secondly, that it was not a secured claim. Thereupon the creditor prayed leave to amend the proof to show that the claim was secured by the vendor's lien before mentioned reserved in the deed to the bankrupt and another of an undivided two-thirds in the hotel property.

[1] We do not understand that the first ground of objection made by the trustee is now relied on. Upon this record it could not be sustained. It is, however, earnestly· contended that a creditor who proves a claim as unsecured may not after the lapse of a year from the adjudication amend the proof so as to assert that it is secured; that this creditor, at all events, cannot do so because the original form of proof was not the result of inadvertence or mistake, but was used because the creditor did not wish to rely upon a deed which he was then attacking as fraudulent; and that he is now estopped to claim under such deed because his attack on it was made with intent to hinder and· delay the other creditors and accomplished that purpose.

The authorities relied on by the trustee to sustain his contention that a creditor may not after the expiration of the year from the adjudication amend the proof of a claim so as to show for the first time that it is secured are not in point. In the cases cited by him it was sought under the guise of an amendment to make a claim which had never before been made, or to offer a claim which had been made against one estate as a claim against another. One who has claimed to be a secured or a preferred creditor may after the expiration of the year put in the same claim as unsecured. Keppel v. Tiffin Savings Bank, 197 U. S. 356, 25 Sup. Ct. 443, 49 L. Ed. 790; Page v. Rogers, 211 U. S. 575, 29 Sup. Ct. 159, 53 L. Ed. 332.

An amendment changing a claim from a secured or preferred to an unsecured claim does not make a new claim. A creditor may waive or release his security. If the circumstances are such that under the general rules of law applicable to like transactions he would in other tribunals be estopped from recalling his waiver or questioning his release, he is equally estopped in bankruptcy. Acts relied on as a waiver,

or a release must either be done with intent to waive or to release or else they must be such as might reasonably have led, and in point of fact did lead, other persons to act to their hurt upon the assumption that the waiver or release had been made. There is nothing in the record to show that either the trustee or any of the other creditors are to-day in any different position from that which they would have occupied had the claim been originally proved as a secured one. When the creditor first filed the claim in the bankruptcy proceedings, she did not intend to waive or release security. At that very time through her attorney at law and in fact she gave public, though oral, notice that she relied upon it. The referee then allowed it as a secured claim. Everything which happened in the bankruptcy proceedings shows that the failure to make the proper proof of the claim in the first place was a mere mistake and a mistake which hurt no one.

[2] The case for the trustee must rest upon what the creditor did in the equity proceedings. There he alleged that the deed under which his representative now claims was fraudulent and void. His effort to have it set aside failed. The deed stands. He now has the same right to its benefit as have the others secured by it. Nothing in our previous decision in Maxwell v. McDaniels, supra, stands in the way of his claiming under that deed. All that we then held pertinent to the present controversy was that a complainant could not say that a court had jurisdiction at his request to declare a deed void solely because that deed if valid made him a lien creditor when otherwise he was not.

Granting all that has thus far been said, the trustee answers that nevertheless the creditor's claim cannot be sustained as a secured one and that it should of right be postponed to those of all the other unsecured creditors. He alleges that the creditor did not institute his equity proceeding in good faith but that it was brought as a result of a conspiracy between him and the bankrupt, thereby to hinder and delay the creditors of the latter. The filing of the bill of complaint and the appointment of receivers under it the trustee says did greatly delay and hinder the bankrupt's creditors, and put them to much loss and expense. There is not a little in the record to suggest that these allegations may be well founded. We do not find it necessary, however, to determine whether they are or are not made out. We have had occasion to say in the case of Washington v. Tearney, 194 Fed. 830, 114 C. C. A. ——, decided at this term, that a court of bankruptcy is not a criminal court. It has no power to punish creditors for what they did in another court by forfeiting rights to which in it they would otherwise be clearly entitled. If the bill of complaint filed by the creditor is a part of a fraudulent scheme and its filing caused loss to other creditors, then, if the relation of that loss to the action of the creditor is such as to make the creditor liable for it, such liability may be enforced in a direct proceeding in whatever forum has jurisdiction. If it has no such relation, then the lack of jurisdiction in other courts to give redress cannot be supplied by the court of bankruptcy.

The action of the court below in permitting the amendment of the claim and in holding it to be secured was right, and must be, affirmed.