### LEWITH v. IRVING TRUST CO.
#### No. 216.

Circuit Court of Appeals, Second Circuit.
Dec. 11, 1933.

Krause, Hirsch & Levin, of New York City (Sydney Krause, and Morris M. Marcus, both of New York City, of counsel), for appellant.

Joseph & Demov, of New York City (Charles L. Grad and Jacob S. Demov, both of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

## L. HAND, Circuit Judge.

The creditor, whose claim is here in suit, was the owner of a shop in Pennsylvania which the bankrupt held under lease. The adjudication was on August 24, 1932, and on September 15, 1932, the lessor filed a general claim with the referee for rent in the sum of about $700, to which by amendment he added the heating charges on October 21, 1932, making a total of about $1,000. So matters stood when the six months within which claims could be filed, expired on February 24, 1933. Thereafter the trustee filed objections to the claim, which came on to be heard before the referee on May 23, 1933, when the parties composed their differences by a stipulation in open court that the claim should be allowed for $850. Upon this stipulation the referee allowed the claim generally for that amount. The common-law remedy of distress still exists in Pennsylvania, and under section 96 of its Insolvency and Assignment Law (39 PS, Pa.) a lessor has a priority in bankruptcy to the extent that his claim is so secured. This statute is incorporated into the Bankruptcy Law, § 64b (7), as amended by Act May 27, 1926, 11 USCA § 104 (b) (7). On May 27, 1933, the creditor petitioned the referee to direct the trustee to pay his claim in full, claiming priority on the ground that there were goods of the bankrupt on the premises at petition filed of the value of $850. The petition does not allege that the creditor was ignorant of the value of this property when the claim was originally filed, when it was amended, or when it was allowed: nor that he was ignorant of the Pennsylvania law giving him priority; it alleges no reason whatever why he should be relieved of the allowance. The referee did not grant the petition, but did allow the creditor to amend his claim so as to assert a priority for the reasons alleged. The judge reversed this order, and the creditor appeals.

The statute of limitations (Bankr. Act) section 57n, 11 USCA § 93 (n), does not prevent a creditor who has filed an unsecured claim, from amending it into a secured claim, and asserting his security, after the period for filing has expired. In re Ashland Steel Co., 168 F. 679 (C. C. A. 6); Maxwell v. McDaniels, 195 F. 426 (C. C. A. 4); In re Fisk & Robinson (D. C.) 185 F. 974; In re Hamilton Automobile Co., 209 F. 596 (C. C. A. 7); Ensley v. First National Bank (D. C.) 17 F.(2d) 603. Such an amendment does not change the cause of action, like that in Re Miller & Co., 45 F.(2d) 115 (C. C. A. 2); the claim rests upon the same debt as before. All that is added is a statement to show that for its payment some security is available either by agreement, or by force of law. The referee was therefore within his powers, and the only question is whether facts existed calling for their exercise. The Bankruptcy Act, § 57k, 11 USCA § 93 (k), gives power to the court to reconsider for "cause" claims allowed, "according to the equities of the case," until the estate has been closed. So far as concerns the formal allowance of the claim by mere filing, "the equities of the case" may require nothing more than that the creditor wishes to amend, and is not estopped. Maxwell v. McDaniels, supra (C. C. A.) 195 F. 426; Wuerpel v. Commercial, etc., Bank, 238 F. 269, 272 (C. C. A. 5); In re Myers (D. C.) 99 F. 691. It is true that in Re O'Gara Coal Co. (C. C. A. 7) 12 F.(2d) 426, 46 A. L. R. 916, the creditor was not allowed by amendment to set up a secured claim, but the case was exceptional; the creditor had been fully advised of all the facts and had in effect chosen to abandon the security which was worthless at the time. Except for the referee's allowance of the claim, we may therefore assume that the amendment would have been proper. But an allowance after objection is another matter; there has been a litigation upon issues, settled by the decision of a court. Such an allowance has

all the substantial elements of a judgment, and has the effect of a judgment; it is res judicata between the parties, not only in other suits, but in the bankruptcy proceedings themselves. Hargadine, etc., Co. v. Hudson, 122 F. 232 (C. C. A. 8); Stearns, etc., Co. v. Hammond, 217 F. 559, 564 (C. C. A. 6); Breit v. Moore, 220 F. 97 (C. C. A. 9); Ullman, Stern & Krausse v. Coppard, 246 F. 124 (C. C. A. 5); In re Small Shoe Co., 5 F.(2d) 956 (C. C. A. 2). Cf. Lesser v. Gray, 236 U. S. 70, 35 S. Ct. 227, 59 L. Ed. 471.

■■ So far as we can see, no "equities of the case" show any "cause" for the reconsideration of this allowance. As we have said, the petition does not allege that the creditor was ignorant of the amount of property on the premises when the petition for adjudication was filed, or even that he was ignorant of the law of Pennsylvania giving him a priority; he may merely have neglected to assert his rights. We do not forget that the bankruptcy court had appraised the property on the premises at forty-nine dollars; the creditor does not claim to have been misled by this, or even to have been aware of it. A Pennsylvania attorney had been in charge of the matter until the trustee objected to the claim; it does not appear that he was ignorant of the Pennsylvania law, or of the amount of property on the premises. When the objections were filed, this attorney retained a New York attorney, and it does appear, though dehors the petition, that he did not know of the Pennsylvania statute, and that he made the stipulation acting upon that ignorance. Thus the most that we can assume is that the creditor and his Pennsylvania attorney failed to advise the New York attorney of the facts or the law; we cannot supplement their petition, or take anything in their favor which they have not said. The ignorance of the New York attorney in such a setting does not appear to us enough to justify reconsidering an allowance made after objection. No one would suppose it enough to set aside a judgment, and for this purpose the allowance is such. It is a firmly fixed doctrine of our jurisprudence that a matter once brought before a court and finally decided, shall not be reopened without good reason. The parties on their day in court are bound to present any facts and arguments then available to them. The very purpose of the proceeding is to settle the dispute; the "equities of the case" make more for the avoidance of repeated litigation than to excuse the negligence of a party.

Order affirmed.