## In re FREE & KLINCK, Inc.
### No. 28909.

District Court, E. D. New York.
Feb. 8, 1937.

Julius Zizmor, of Brooklyn, N. Y., for trustee.

Charles H. Levy, of Brooklyn, N. Y., for respondents.

BYERS, District Judge.

This is a motion in response to an order directing George M. Klinck and Pauline

Pfadenhauer to show cause why they should not be punished for contempt for failing to comply with a turn-over order issued by the referee.

The referee's original determination was sustained by Judge Inch by order dated October 27, 1936.

The failure of these persons to comply with the order, as confirmed, resulted in a report of the referee to that effect, dated November 6, 1936, pursuant to which the present order to show cause was granted and came on to be heard on January 29, 1937.

In opposition, the respondents call attention to the denial of a motion that they made before the referee to reopen and rehear the proceeding on the ground that they were in possession of newly discovered evidence; namely, a book of the bankrupt containing the inventory figures which were posted to the general ledger of the bankrupt, relied upon to establish the shortage in merchandise for which the referee held the said persons accountable.

The referee denied the application for rehearing in a report dated January 19, 1937, upon the ground that "it has been repeatedly held in this district that once a referee signs an order in any proceeding heard by him, he is therefrom wholly powerless to do anything further in the matter," citing Matter of Arrow Monuments Inc., B-25214 (1934) in this court.

In that cause the opinion states that the referee whose report was under review had no power to grant a reargument or revise his own decision, citing cases which did not involve such an application as this.

The opinion makes it clear that certainly no such a power existed after the expiration of ten days following the making and serving a copy of the turn-over order, citing Lewith v. Irving Trust Co. (C.C.A. 2d Circuit) 67 F.(2d) 855, decided December 11, 1933.

Since that decision was written, the case of In re Pottasch Brothers Co., Inc., 79 F.(2d) 613, 101 A.L.R. 1182, has been decided by the Circuit Court of Appeals for the Second Circuit, wherein the power of a referee to amend his order so as to conform with his intent at the time that his decision was made, was discussed at some length and the opinion is clearly to the effect that the referee is a court of bankruptcy and that the mere fact that his orders are subject to review does not change that fact.

The circumstances here presented are entirely appropriate for consideration by the referee in the first instance, in the same way that any court would be asked to reopen and reconsider a determination upon the ground that newly discovered evidence has rendered a re-opening necessary.

The subject of the quantity of merchandise held by this bankrupt was involved in an examination before this referee on January 9, 1936, in connection with another branch of this proceeding, and this respondent Klinck was questioned concerning it. That testimony and the testimony in this proceeding combine to discredit the bankrupt's methods touching the merchandise inventory.

The inventory book which is now said to have been recently brought to light under circumstances that are not satisfactorily explained may have an important bearing on this aspect of the bankrupt estate. For this reason, it is thought that the referee should dispose of the application in effect for a new trial, upon the merits. If he finds that the book tendered to him is in fact not entitled to be considered as authentic, or if for any other reason he finds the alleged newly discovered evidence to be a synthetic product created to meet an emergency, or to have been heretofore concealed to serve an illegal purpose, of course he will not hesitate so to report, in denying the motion.

All that is presently intended is to point out to the referee that in my opinion he has the right and power to, and therefore should, pass upon the merits of the motion of the respondents to re-open the proceeding for the purpose of presenting allegedly newly discovered evidence which was not available to them when Judge Inch's order of October 27, 1936, was granted.

The proceeding will be remitted to the referee for this purpose.

Settle order.