Glenn D. BARTLE, Trustee of Markson Bros., Inc., now known as M. B. H. Inc., Plaintiff-Appellee,

v.

Asher S. MARKSON, Defendant-Appellant.

No. 596, Docket 34111.

United States Court of Appeals,
Second Circuit.

Argued Feb. 25, 1970.

Decided March 20, 1970.

William J. Mackay, Syracuse, N. Y. (Mackay & Caswell, Syracuse, N. Y., on the brief), for defendant-appellant.

Lawrence F. Sovik, Syracuse, N. Y. (Smith, Sovik, Terry, Kendrick, McAu-liffe & Schwarzer, Syracuse, N. Y., on the brief), for plaintiff-appellee.

Before LUMBARD, Chief Judge, ANDERSON, Circuit Judge, and CROAKE, District Judge.*

PER CURIAM:

Plaintiff, Glenn D. Bartle, as Trustee in Bankruptcy of the corporation now known as M. B. H. Inc. (formerly Markson Bros., Inc.) was awarded judgment on July 7, 1969, against defendant Asher S. Markson on the basis of the latter's violations of Section 60 of the New York General Corporation Law, McKinney's Consol. Laws, c. 23, Sections 273–276 of the New York Debtor and Creditor Law, McKinney's Consol. Laws, c. 12, and Section 15 of the New York Stock Corporation Law, McKinney's Consol. Laws, c. 59, 299 F.Supp. 958 (S.D.N.Y.1969).

Plaintiff established to the satisfaction of the Court that defendant as an officer and director of Markson Bros., Inc. was personally involved in the transfer of that corporation's property to Son-Mark Industries, Inc. with the result that said transferor corporation's assets were depleted and its capital impaired. Plaintiff further convinced the Court that said transfers were made without consideration both when insolvency was threatened and after it had actually become a fact, and that said conduct involving these transfers was engaged in with actual intent on the part of defendant to defraud and hinder present and future creditors of Markson Bros., Inc.

Trial was had before the late Judge Stephen W. Brennan of the Northern District of New York without jury. Upon Judge Brennan's death, Judge Sylvester J. Ryan of the Southern District of New York was designated to sit in the Northern District and this matter was assigned to him. The parties herein stipulated that Judge Ryan might decide the case on the trial record already made. This Court held at an earlier stage in these proceedings that the District Court had the federal jurisdiction

* Of the Southern District of New York sitting by designation.

to entertain this action under Section 70(e) of the Bankruptcy Act, which declares that the trustee can avoid any transfer of property that is fraudulent or voidable under any federal or state law applicable thereto. 357 F.2d 517 (2d Cir. 1966). The rather complex background of this case is set forth in detail in Judge Ryan's decision.

Defendant-appellant argues on this appeal that plaintiff has failed in the proof of his claims as required by the applicable law. We have carefully reviewed the record before us and Judge Ryan's findings of fact and conclusions of law. We have concluded that plaintiff's claims for relief were fully substantiated and affirm upon the findings of fact and conclusions of law of the District Court.