**In re ENSERV COMPANY, INC., Debtor.**

**ENSERV COMPANY, INC., Appellant,**

v.

**MANPOWER, INC./CALIFORNIA PENINSULA, Appellee.**

BAP No. NC–86–1031–MeAsV.
Bankruptcy No. 4–85–03893H.
Adv. No. 485–0097AW.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued and Submitted April 17, 1986.

Decided July 30, 1986.

Leslie C. Thorpe, Poppin & Shier, San Francisco, Cal., for appellant.

T. Michael Turner, Diemer, Schneider, Jeffers, Luce & Quillinan, Mountain View, Cal., for appellee.

Before MEYERS, ASHLAND and VOL-INN, Bankruptcy Judges.

MEYERS, Bankruptcy Judge:

This appeal raises the question of whether the trial court properly dismissed an adversary proceeding brought to recover a preferential transfer because a secured creditor appeared to be the only beneficiary.

We REVERSE and REMAND.

## I

### FACTS

The Appellee, Manpower, Inc./California Peninsula ("Manpower"), obtained a judgment of $25,202.93 against the Debtor, Enserv Company, Inc., a construction company. To enforce this judgment, on October 24, 1984 Manpower levied on one of the Debtor's bank accounts at the Bank of America and seized $25,343.93. On the same day the Debtor's president met with officers of the Bank of America to discuss the Debtor's financial condition.

Forty days later, on December 3, 1984 the Debtor filed a Chapter 11 petition. At the time of the filing the Bank of America possessed an all-encompassing security interest in the assets of the estate as well as a personal guarantee from the Debtor's president. The Debtor had total debts of $3,961,000, of which $1,877,340.60 was owed to the Bank of America, with assets valued at $1,500,000. These assets consisted of $400,000 in accounts receivable and equipment and $1,100,000 in the value of jobs in progress.

To maximize the return from jobs in progress it was necessary for the Debtor to obtain new funding to complete select jobs. The Bank of America advanced new funds under the protection of a court order which gave the Bank of America a secured interest in all additional assets acquired by the estate. The Bank of America is to receive the first $1,000,000 collected by the Debtor and fifty percent of all funds acquired in excess thereof. The Debtor states that it is unlikely that liquidation will yield more than $1,000,000.

The Debtor began an adversary proceeding on May 16, 1985, to recover as a preferential transfer the funds Manpower had obtained by its levy. In this matter the Bank of America paid the legal fees of the Debtor's attorneys. The trial court apparently concluded that the Debtor had proven all the elements of a preferential transfer. Nevertheless, the trial court dismissed the complaint because a recovery would benefit only the Bank of America and not the unsecured creditors.

## II

### DISCUSSION

■ Whether a court may dismiss an adversary proceeding to recover a preference because a secured creditor would be the only beneficiary appears to be a question of first impression. Section 547 of the Bankruptcy Code ("Code") governs the recovery of preferences. The only exceptions to a preference are those listed in Section 547(c). No court has been empowered by Congress to create new exceptions to Section 547(b) by judicial decree. *In re Fulghum Const. Corp.*, 706 F.2d 171, 173 (6th Cir.1983). Therefore, we must reverse.

■ Our review of the scope and effect of Section 547 is guided by the principles of statutory construction. The primary function of the courts in construing legislation is to effectuate legislative intent. *Philbrook v. Glodgett*, 421 U.S. 707, 713, 95 S.Ct. 1893, 1898, 44 L.Ed.2d 525 (1975); *In re Arnett*, 731 F.2d 358, 360 (6th Cir.1984). Legislative intent may be ascertained from the clear language of the statute itself or from available legislative materials which clearly reveals this intent. 731 F.2d at 361.

Both the legislative history of Section 547 and its literal language lead us to reverse. The legislative history lists two purposes which guided the enactment of Section 547. The first is to discourage creditors from racing to the courthouse to dismember the debtor during its slide into bankruptcy. H.R.Rep. No. 595, 95th Cong. 1st Sess. 177 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787. Congress expressed the hope that this protection could lead to a spirit of cooperation by creditors that could enable the debtor to work out difficult financial situations. H.R.Rep. No. 595, *supra*, p. 177.

The instant case is filled with the antithesis of that spirit of cooperation. Manpower levied on the Debtor's bank account on the very day that the Debtor and the Bank of America met to discuss the Debtor's financial difficulties. In its brief Manpower has

suggested that its levy actually triggered the Debtor's bankruptcy proceeding. Section 547 was enacted to deter creditors like Manpower from rushing to the courthouse door and causing bankruptcy filings. *In re Bennett,* 35 B.R. 357, 360 (Bkrtcy.N.Ill. 1984). To allow the order issued below to stand would thwart Congress' expressed intent.

This order also violates the second and primary purpose expressed by Congress in enacting Section 547. H.R.Rep. No. 595, *supra,* pp. 177–78. No creditor of a class can receive any greater payment than the other creditors of that class. All must share equally. H.R.Rep. No. 595, *supra,* p. 178; *In re Gulino,* 779 F.2d 546, 548–49 (9th Cir.1985). Thus, we are compelled to prevent one unsecured creditor, Manpower, from being paid in full when the other creditors of its class will receive nothing.

■ The literal language of Section 547 is equally unavailing for Manpower's case. The trustee or debtor in possession has the right to avoid preferential transfers made within 90 days of bankruptcy. 11 U.S.C. § 547. The debtor in possession bears the burden of proof in establishing the seven elements of a voidable transfer set out in Section 547(b). *In re Gulino, supra,* 779 F.2d at 549; *In re Flooring Concepts, Inc.,* 37 B.R. 957, 960 (9th Cir. BAP 1984). A levy on a bank account to satisfy a judgment is a transfer that can be a preference. *Deel Rent-A-Car, Inc. v. Levine,* 721 F.2d 750, 753 n. 11 (11th Cir.1983); *In re Cosmopolitan Aviation Corp.,* 34 B.R. 592, 594 (Bkrtcy.E.N.Y.1983); *In re Group Development Corp.,* 43 B.R. 665, 668 (Bkrtcy. M.Fla.1984). Any transfer which diminishes or depletes the debtor's estate may be seen as a transfer which enables a creditor to receive more than other creditors of equal status and therefore is a preferential transfer. *In re Zachman Homes, Inc.,* 40 B.R. 171, 173 (Bkrtcy.Minn.1984).

Section 547(b) plainly states that the only preferences which will be allowed are contained in Section 547(c). *See In re Fulghum Const. Corp., supra,* 706 F.2d at 172. To ascertain whether a transfer may be avoided "one need only read the statute and check each pigeon hole." *In re Howard,* 43 B.R. 135, 139 (Bkrtcy.Md.1983). Section 547(c) lists seven exceptions. Manpower does not argue that it is protected by any of them. Instead, Manpower attempts to create a new exception by focusing on who benefits from the recovery of a preference.

Here both parties agree that it is unlikely that the class of general unsecured creditors, of which Manpower is one, will receive any distribution even if all preference actions are successfully pursued. Congress did not intend that actions pursued under Section 547 would be subject to question based on equitable considerations, such as who would reap the benefits. Such challenges could only unduly complicate bankruptcy administration, especially in the majority of cases where it is not clear who benefits from successful prosecution of preference actions until late in the administration of the case.

There is no statutory requirement that unsecured creditors or even the estate benefit from the voiding of a preference. Under Section 522(h) of the Code a debtor has standing to recover for his own benefit preferential payments that would otherwise constitute exempt property. The debtor may recover such property for his own benefit and not that of the bankruptcy estate. *Deel Rent-A-Car, Inc. v. Levine, supra,* 721 F.2d at 754 n. 13; *In re Smith,* 45 B.R. 100, 110 (Bkrtcy.E.Va.1984).

Congress wished only to facilitate a principle of equality of loss and prevent parties from benefiting from precipitous litigation. In the instant case the preference is being recovered for the benefit of the estate even though it is used to pay a secured creditor. There is nothing abusive in this. Section 547 mandates that each creditor must share equally with others of its class. By levying on its judgment, Manpower has been paid in full while the other unsecured creditors receive nothing. This is the situation that Section 547 was designed to prevent. *Deel Rent-A-Car, Inc. v. Levine, supra,* 721 F.2d at 754.

■ As a secured creditor, the Bank of America is entitled to be paid from the

proceeds of its collateral, ahead of the unsecured creditors, even if these creditors are never paid. The Code sets an elaborate list of priorities for payment from the estate. *See* Sections 506 and 507. Section 547 was designed in part to see that these priorities are not circumvented.

If Manpower believed that the trial court's order granting the Bank of America rights to the first $1,000,000 of liquidated assets was unfair to the unsecured creditors, it should have appealed that order.

■ Manpower contends that an adversary proceeding brought in bad faith can be dismissed by the trial court. Given our disposition above, we do not reach this issue. We have found that a debtor in possession is entitled to recover all preferential transfers even if the unsecured creditors do not directly benefit thereby. Therefore, this adversary proceeding could not have been brought in bad faith.

■ Finally, Manpower contends that it should not have to disgorge its preferential transfer because other preferential transfers made to the Bank of America are not being pursued. The status of other allegedly preferential transfers are irrelevant to the resolution of this appeal. Section 547 specifically gives the debtor in possession the right to bring an action to recover preferences. This is a decision subject to its discretion. *In re Curry and Sorensen, Inc.*, 57 B.R. 824, 828 (9th Cir. BAP 1986). If a creditor is dissatisfied with the lack of action on the part of a debtor in possession, the creditor may move to replace the debtor in possession with a Chapter 11 trustee; or to convert the case to one under Chapter 7; move to dismiss the Chapter 11 case or petition the court to compel the debtor in possession to act or to gain court permission to initiate the action itself. *In re Curry and Sorensen, Inc., supra*, 57 B.R. at 828; *See Matter of Monsour Medical Center*, 5 B.R. 715, 717–18 (Bkrtcy.W.Pa.1980). As we have found, a creditor has no right to retain a preferential transfer simply because other preferential transfers are not being pursued.

Therefore, we REVERSE and REMAND.

VOLINN, Bankruptcy Judge, concurring:

The facts are as set forth in the foregoing opinion. It should be noted that the order authorizing the bank to loan money to the Debtor on the *ex parte* application of the Debtor and the bank provided that:

All such advances shall be through a new loan account, secured by all collateral presently the subject of the security interest in favor of the Bank and secured in addition by any and all additional assets acquired by the Debtor of the same type subsequent to the filing of the Chapter 11 case.

The trial court found that at the time of the garnishment, within 90 days of the filing of the bankruptcy petition on December 3, 1984, the debtor was insolvent having assets of approximately $1,500,000 and debts of approximately $3,900,000, of which $1,800,000 was owed to the Bank of America which was partially secured by accounts receivable of approximately $1,100,000. Presumably, the debtor owed to creditors other than the bank some $1,100,000.

The court noted the contentions of the appellee to the effect that the proceeding was being conducted primarily or exclusively for the benefit of the bank and concluded that "This case is being operated by and for the benefit of Bank of America, and that it would be inequitable and not in the interest of any other creditors to require defendants to surrender their judgment lien."

The purpose of bankruptcy is two-fold: To provide financial relief or rehabilitation for the debtor on the one hand, and, on the other, some access to the debtor's assets, on a fair and ratable basis, to the debtor's creditors, particularly those who are unsecured.

Essentially, the trial court concluded that this litigation has nothing to do with the foregoing fundamental bankruptcy purposes, that is, rehabilitation or ratable distribution of assets to creditors. Instead, the court concluded that this was a private liquidation carried on primarily for the benefit of the bank, which by virtue of the

order above referred to would have the sole right to the alleged preference without having to share it ratably with any other creditor.

In my view, the issue identified and ruled on by the trial court and considered here by the majority was not and is not presented by the record before us. There is no definitive evidence as to who would be entitled to the preference in the event that a judgment were entered finding and concluding that there was one. Certainly there is none which justifies a ruling or finding that the bank is exclusively entitled to such a recovery. Under the circumstances, the court was not warranted in concluding that the litigation was only for the benefit of the bank. While this is a Chapter 11 proceeding, the debtor in possession as a trustee and fiduciary should take whatever action is appropriate with respect to recovery and distribution of assets. If not, any interested party may be heard on the matter. I therefore concur with the conclusion that this matter should be REVERSED and RE-MANDED.