**In re Erwin A. PORGES, a/k/a E. Allen Porges, Debtor.**

**Erwin A. PORGES, a/k/a E. Allen Porges, Plaintiff,**

**v.**

**GRUNTAL & COMPANY, INCORPORATED, Defendant.**

**Bankruptcy No. 892–81393–020.**

United States Bankruptcy Court, E.D. New York, at Westbury.

Aug. 12, 1993.

John J. O'Donnell, Morgan, Lewis & Bockius, New York City, for Gruntal.

Charles Jacobson, Woodbury, NY, for debtor.

Michael Macco, Chapter 13 Trustee, Huntington, NY.

Stan Y. Yang, Office of the U.S. Trustee, Garden City, NY.

## DECISION AND ORDER ON DEBTOR'S OBJECTION TO ENTRY OF JUDGMENT

ROBERT JOHN HALL, Bankruptcy Judge.

### PRELIMINARY STATEMENT

This matter comes before the Court upon the above-referenced debtor's ("Debtor") objection to the above-captioned defendant's ("Defendant") request for entry of a judgment.

The Court has jurisdiction over this case pursuant to sections 157(a), 157(b)(1) and 1334 of title 28, United States Code ("title 28") and the order of referral of matters to the bankruptcy judges by the District Court for the Eastern District of New York (Weinstein, C.J., 1986). This is a core proceeding pursuant to section 157(b)(2)(A), (B), (C), (N) and (O) of title 28.

For the reasons set forth below, the Court holds that it is empowered to enter a money judgment; accordingly, the Defendant is **GRANTED JUDGMENT.** The annexed judgment shall be entered by the clerk.

### RELEVANT FACTS

The Debtor filed a voluntary petition for relief under chapter 13 of title 11, United States Code ("Bankruptcy Code" or "Code") on March 13, 1992. The Defendant filed a proof of claim purporting to evidence two unsecured claims against the Debtor. On September 25, 1992, the Debtor filed objections to the claims along with counterclaims against the Defendant.

On March 29, 1993 the Court held a full day trial on the Debtor's objections and counterclaims. From the bench, the Court ruled for the Defendant and directed it to settle appropriate conclusions of law and findings of fact.[1]

Prior to the Defendant's settlement of the proposed findings of fact and conclusions of law, the Debtor moved to dismiss his chapter 13 case. In the order dismissing the Debtor's case, the Court, concerned with the Debtor's request to dismiss his

1. Very briefly, the trial centered upon the following issue. The Debtor had been a broker for the Defendant, Gruntal & Co., Inc. The Debtor acknowledged that during his employment, he improperly "churned" a certain client's account. (This means he effected a number of trades and created activity to generate fees while the client's actual needs and objectives were ignored.) The client brought action against the Debtor and Gruntal, but the action against the Debtor was stayed by his filing. The client prevailed as against Gruntal and Gruntal satisfied the award. Gruntal then filed a proof of claim which essentially sought indemnification.

The Debtor objected to Gruntal's claim on the grounds that Gruntal, as his employer, improperly supervised him and allowed the "churning" to occur to its own detriment. Debtor contended that Gruntal should suffer due to this negligent supervision. The Court held for Gruntal, finding that the evidence established that Gruntal was not responsible for Debtor's actions, that Gruntal fervently tried to curb, then stop the Debtor, and that the Debtor simply eluded Gruntal's bona fide efforts at preventing his churning. The Court also allowed Gruntal's claim for repayment of certain promissory notes.

case prior to entry of an order adjudicating the Debtor's contested matter, stated:

> The Court retains jurisdiction to sign an order setting forth the Court's findings of fact and conclusions of law in a contested matter commenced by the Debtor pursuant to section 502 of title 11, United States Code. 11 U.S.C. § 349; H.R.Rep. No. 595, 95th Cong. 1st Sess. at 338 (1977); S.Rep. No. 989, 95th Cong.2d Sess. 48–49 (1978). *Auto Auction, Inc. v. Pocklington, (In re Pocklington)*, 21 B.R. 199, 202–03 (Bankr.S.D.Cal.1982) ("Section 349 empowers the Court to issue appropriate orders to protect rights acquired in reliance on the bankruptcy case [citations omitted].... Section 349 of the Bankruptcy Code clearly contemplates continuation of jurisdiction in appropriate circumstances."); *see also Diversified Mortgage Investors, Inc. v. Lake Tahoe Land Co. (In re Lake Tahoe Land Co.)*, 12 B.R. 479, 480–81 (Bankr. D.Nev.1981) ("Once jurisdiction attached in this adversary action, reason and logic require that jurisdiction continue, notwithstanding the dismissal of the underlying bankruptcy proceeding."). This avoids rendering vain and useless the Court's consumption of judicial resources in hearing and resolving the contested matter commenced by the Debtor.

Order Dismissing Debtor's Case, dated April 23, 1993.

On the same date, April 23, 1993, the Court's order setting forth its findings of fact and conclusions of law was also signed.

Subsequently, on June 17, 1993 the Defendant submitted a Notice of Settlement of Proposed Judgment ("Judgment"). The Judgment provided for a money judgment against the Debtor in the amounts the Court previously held were allowable claims against the Debtor, plus attorneys' fees. The Debtor submitted an objection to the Judgment contending that: (1) the Defendant's proposed judgment exceeds the scope of the Court's retention of jurisdiction over the Debtor's case, and (2) the Court does not have the authority to enter a money Judgment on a determination of whether claims should be allowed pursuant to section 502 of the Bankruptcy Code.

## DISCUSSION

■ Debtor's first objection to entry of the Judgment concerns the Court's jurisdiction to enter the Judgment. Rule 58 of the Federal Rules, made applicable herein by Rule 9021 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), governs the entry of judgments; it states in pertinent part:

> (1) upon a general verdict of a jury, or upon a decision by the court that a party shall recover only a sum certain or costs or that all relief shall be denied, the clerk, unless the court otherwise orders, shall forthwith prepare, sign, and enter the judgment without awaiting any direction by the court; (2) upon a decision by the court granting other relief, or upon a special verdict or a general verdict accompanied by answers to interrogatories, the court shall promptly approve the form of the judgment, and the clerk shall thereupon enter it. Every judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79(a) [made applicable herein by Bankruptcy Rule 5003].... Attorneys shall not submit forms of judgment except upon direction of the court, and these directions shall not be given as a matter of course.

Fed.R.Civ.P. 58.

In the case at bar, according to Rule 58(1), upon the rendering of its decision that the Defendant recover certain sums and that its claims against the Debtor are valid and allowed, the Court was authorized to approve the form of the Judgment submitted by the Defendant in connection therewith. Fed.R.Civ.P. 58(1). Pursuant to Rule 58, a court hearing and rendering a decision in connection with a case over which it has jurisdiction may thereafter enter judgment. Jurisdiction is appropriate and should not become an issue.

The Court approves of the manner in which this was stated by the Defendant:

It is especially appropriate for the Court to retain jurisdiction over a contested matter notwithstanding dismissal of the bankruptcy case where, as here, the Court has held a trial on a core proceeding and the only further judicial action necessary for resolution of the contested matter consists of rendering of appropriate findings of fact and conclusions of law and entry of a judgment. Defendant's Application for Judgment, dated June 16, 1993, at 5 (citing *Roma Group, Inc. v. Michael Anthony Jewelers, Inc. (In re Roma Group, Inc.)*, 137 B.R. 148, 150–51 (Bankr.S.D.N.Y.1992) ("The concepts of judicial economy and fairness have also been applied under 11 U.S.C. § 349 to retain bankruptcy jurisdiction over related claims following the dismissal of Chapter 13 cases.") (citations omitted); *Stardust Inn, Inc. v. Doshi (In re Stardust Inn, Inc.)*, 70 B.R. 888, 890 (E.D.Penn.1987) ("Where dismissal would cause prejudice to one of the parties, the bankruptcy court has the power to retain jurisdiction.") (citation omitted)).

It would not be proper to deny judgment and require the Defendant to again litigate, in state court, the dispute created by the Debtor and resolved by the Court. The Court holds that entering of the Judgment is a proper extension of the jurisdiction retained by the Court in the prior order dismissing the Debtor's case, and that this is an eminently proper exercise of jurisdiction in light of the time and resources expended by the Court and the parties.

The Debtor's second objection focuses on the Court's power to enter a money judgment in connection with a debtor's objection to the allowance of a claim. According to the case law within the Second Circuit, the Court clearly has the authority to enter a money judgment against the Debtor in the context of an objection to a claim. In *Lewith v. Irving Trust Co.*, 67 F.2d 855 (2d Cir.1933), Judge Learned Hand stated:

> [A]n allowance after objection is another matter; there has been a litigation upon issues, settled by the decision of a court. Such an allowance has all the substantial elements of a judgment, and has the effect of a judgment; it is res judicata between the parties, not only in other suits, but in the bankruptcy proceedings themselves.

*Id.* at 856–57. Thus, the allowance or disallowance of a claim in bankruptcy proceedings has the same effect as a court judgment. *Bartle v. Markson*, 299 F.Supp. 958 (N.D.N.Y.1969), *aff'd*, 423 F.2d 637 (2d Cir. 1970).

For the reasons given, the Court **GRANTS JUDGMENT** to the Defendant and rejects Plaintiff's objection. The annexed Judgment shall be entered by the clerk.

**SO ORDERED.**