[No. E022038. Fourth Dist., Div. Two. Apr. 29, 1999.]

DAVID BLONDER, Cross-complainant and Respondent, v.
CUMBERLAND ENGINEERING, Cross-defendant and Appellant.

**[Opinion certified for partial publication.*]**

_____

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part II.A.

COUNSEL

Rus, Miliband, Williams & Smith, Joel S. Miliband and D. Edward Hays for Cross-defendant and Appellant.

Jeffer, Mangels, Butler & Marmaro, Joseph A. Eisenberg, Neil C. Erickson and Mike D. Neue for Cross-complainant and Respondent.

OPINION

**RICHLI, J.**—Respondent David Blonder, as assignee for the benefit of creditors of Envirothene, Inc., obtained a judgment invalidating security interests held by appellant Cumberland Engineering in certain assets of Envirothene, as preferential transfers under Code of Civil Procedure section 1800. We affirm the judgment, concluding (1) the statute of limitations did

not expire on Blonder's preference claim; and (2) Blonder had standing to bring the claim even though he had sold the assets subject to the security interests.

## I

### FACTUAL AND PROCEDURAL BACKGROUND

#### A. *Facts*

In February 1995, Cumberland sold a plastics recycling system and auxiliary equipment to Envirothene and at some point received security interests covering the unpaid balances.[1] In June 1995, Cumberland sold Envirothene an additional item known as a granulator and, concurrently with that sale, filed a UCC-1 financing statement to perfect a security interest in that item to cover the unpaid balance. On October 18, 1995, Cumberland filed additional UCC-1 statements to perfect its security interests in the recycling system and auxiliary equipment, which had not been perfected earlier.

On December 7, 1995, Envirothene assigned its assets to Blonder for the benefit of its creditors. The same day, Blonder sold the assets to a third party, Ecosource Corporation.

#### B. *Procedural Background*

##### 1. *Nature of Action*

In July 1996, Cumberland brought the present action against Ecosource, Blonder, Envirothene, and other parties. In its first and second causes of action, Cumberland sought return of the recycling system and auxiliary equipment, or their monetary equivalent, from Ecosource. In its fifth cause of action, Cumberland alleged Envirothene and Ecosource's president had conspired with Ecosource to cause Blonder to convert the proceeds from the sale of the granulator and to cause Ecosource to convert the recycling system and auxiliary equipment. In its eighth, ninth, and tenth causes of action, Cumberland sought to avoid the resale of the assets from Blonder to Ecosource on the grounds it was accomplished to hinder or delay creditors of Envirothene and was not supported by adequate consideration.

---

[1]Cumberland alleged in its complaint that it received the security interests at the time of the sale. Sale documents dated August 9 and 10, 1994, did provide for security interests, but the security agreements subsequently filed with the Secretary of State were dated October 3, 1995.

Blonder was not named as a defendant in the causes of action described. He was named in two additional causes of action, the third and seventh, which sought recovery of the proceeds of the sale of the granulator on theories of conversion and money had and received.[2]

On December 18, 1996, Blonder cross-complained against Cumberland, seeking to recover Cumberland's security interests in the recycling system and auxiliary equipment. The cross-complaint asserted that the security interests were preferential transfers which were subject to recovery under Code of Civil Procedure section 1800, because they were perfected within 90 days prior to the assignment for the benefit of creditors.[3]

### 2. *Lower Court Rulings*

Cumberland demurred to Blonder's cross-complaint, asserting it was barred by the one-year statute of limitations set forth in Code of Civil Procedure section 1800, subdivision (g), for recovery of a preference.[4] The court overruled the demurrer, concluding that although the cross-complaint was filed more than one year after the assignment for the benefit of creditors, it was timely because it related back to the filing date of Cumberland's complaint.

Blonder then moved for summary judgment on his cross-complaint. Cumberland argued Blonder lacked standing to recover the security interests because he had sold the assets to Ecosource and recovery would benefit only Ecosource and not the creditors of Envirothene. The court ruled no showing of a benefit to the creditors was required under Code of Civil Procedure section 1800 and granted summary judgment for Blonder. Cumberland appealed.

---

[2]The remaining causes of action of Cumberland's complaint, the fourth and sixth, are not relevant to this appeal.

[3]Code of Civil Procedure section 1800, subdivision (b) provides in relevant part that ". . . the assignee of any general assignment for the benefit of creditors . . . may recover any transfer of property of the assignor:

"(1) To or for the benefit of a creditor;

"(2) For or on account of an antecedent debt owed by the assignor before the transfer was made;

"(3) Made while the assignor was insolvent;

"(4) Made on or within 90 days before the date of the making of the assignment . . . ; and

"(5) That enables the creditor to receive more than another creditor of the same class."

There is no dispute that each of these requirements was met in this case.

[4]Code of Civil Procedure section 1800, subdivision (g) provides: "An action by an assignee under this section must be commenced within one year after the making of the assignment."

## II

### DISCUSSION

A. *Statute of Limitations\**

. . . . . . . . . . . . . . . . .

B. *Standing*

The remaining question is whether Blonder had standing under Code of Civil Procedure section 1800 to seek recovery of Cumberland's security interests in the recycling system and auxiliary equipment. ■ Cumberland contends an assignee only has standing under section 1800 if recovery of the preferential transfer would benefit the assignment estate— i.e., the unsecured creditors of the assignor. Cumberland argues Blonder lacked standing because at the time he brought the cross-complaint he had sold the equipment, so that recovery of the security interests would benefit only Ecosource and not the estate.

There are few cases applying Code of Civil Procedure section 1800, and none on point. But case law holds, and the parties agree, that section 1800 should be interpreted in accordance with decisions applying the analogous provision of the Bankruptcy Code, 11 United States Code section 547 (cited hereafter as section 547).[8] (*Angeles Electric Co.* v. *Superior Court* (1994) 27 Cal.App.4th 426, 430-431 [32 Cal.Rptr.2d 660].) Those decisions generally do not require a showing of benefit to the bankruptcy estate in order to avoid a preferential security interest.

---

\*See footnote, *ante,* page 1057.

[8]Section 547(b) provides: "Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

"(1) to or for the benefit of a creditor;

"(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

"(3) made while the debtor was insolvent;

"(4) made—

"(A) on or within 90 days before the date of the filing of the petition; . . . [¶] . . . and

"(5) that enables such creditor to receive more than such creditor would receive if—

"(A) the case were a case under chapter 7 of this title;

"(B) the transfer had not been made; and

"(C) such creditor received payment of such debt to the extent provided by the provisions of this title." As is apparent, Code of Civil Procedure section 1800, subdivision (b) closely parallels section 547(b). (See fn. 3, *ante.*)

Most closely on point is *In re Shea* (Bankr. W.D. N.Y. 1981) 15 B.R. 822, in which the court held the trustee had standing under section 547 to avoid a lien on real property even though the debtor had sold the property to a third party.[9] The court stated: "[W]hile it is true in this case that the trustee has no interest in the outcome of the controversy, his right to bring the action is statutory. Section 547(b) provides that a 'trustee may avoid any transfer of property of the debtor' if the five elements of a preference are present. The section does not limit the trustee's avoiding power to those cases where the estate will be benefited." (15 B.R. at p. 824, italics and fn. omitted.)

The Bankruptcy Appellate Panel of the Ninth Circuit reached the same conclusion in *In re Enserv Co., Inc.* (B.A.P. 9th Cir. 1986) 64 B.R. 519 (cited hereafter as *Enserv*). All of the debtor's assets were subject to a security interest in favor of a bank. Therefore, only the bank and not the estate would benefit from the avoidance of conflicting liens. The court nonetheless concluded the debtor could sue to recover funds obtained by another creditor through its levy on a judgment against the debtor within the preference period.[10]

The *Enserv* court reasoned that the purposes of section 547—discouraging creditors from racing to proceed against an insolvent debtor, and preventing one creditor from obtaining greater payment than others of its class—would be served even though the recovered funds would go to the bank and not the estate. It also relied on the literal language of section 547, stating: "Section 547(b) plainly states that the only preferences which will be allowed are contained in Section 547(c). . . . [¶] . . . Congress did not intend that actions pursued under Section 547 would be subject to question based on equitable considerations, such as who would reap the benefits. . . . [¶] There is no statutory requirement that unsecured creditors or even the estate benefit from the voiding of a preference." (*Enserv, supra*, 64 B.R. at p. 521.)

More recently, the court in *In re Muskin, Inc.* (Bankr. N.D.Cal. 1993) 151 B.R. 252, although disagreeing with the holding in *Enserv*, nonetheless followed it in holding that a chapter 11 debtor in possession could pursue preference actions even though any recovery would benefit only its secured lender and not the estate. (*In re Muskin, Inc., supra*, at pp. 253-255.)

Cumberland cites *In re Acequia, Inc.* (9th Cir. 1994) 34 F.3d 800 and *Wellman* v. *Wellman* (4th Cir. 1991) 933 F.2d 215 for the proposition that a

---

[9] The lower court relied on *Shea*, but, curiously, neither party cites or discusses the case in the briefing in this court.

[10] The chapter 11 debtor in possession in *Enserv* had the avoidance rights afforded a trustee under section 547. (See 11 U.S.C. § 1107(a).)

debtor or trustee lacks standing to recover a preferential transfer if recovery will not benefit the estate.[11] Both *Acequia* and *Wellman*, however, relied on the express language of 11 United States Code section 550(a). That section provides that, to the extent a transfer is avoided under section 547 or other avoidance provisions of the Bankruptcy Code, "the trustee may recover, *for the benefit of the estate*, the property transferred . . . ." (Italics added; see *Acequia, supra,* at p. 811; *Wellman, supra,* at p. 218.)

*Recovery* of transferred property under 11 United States Code section 550 is different from *avoidance* of the transfer under section 547. As the court explained in *In re Pearson Industries, Inc.* (Bankr. C.D.Ill. 1995) 178 B.R. 753, a transfer may be avoided—i.e. nullified—without the additional remedy of recovery. Recovery " 'goes beyond avoidance' " and makes the transferee personally accountable to the estate for the return of the property or its value. While " 'avoidance, per se, legally annuls the transfer,' " recovery " 'provides an additional remedy whenever avoidance alone provides incomplete relief. Recovery is necessary only when annulment of the transfer does not completely satisfy the estate.' " (*Id.,* at p. 759.)

Based on this distinction between avoidance and recovery, the *Pearson* court reconciled *Enserv, supra,* 64 B.R. 519, and *Wellman* v. *Wellman, supra,* 933 F.2d 215, by noting that *Enserv* dealt only with avoidance while *Wellman* dealt with recovery as well.[12] Consequently, while the *Enserv* court was correct that ". . . there is no statutory requirement under § 547 that unsecured creditors or even the estate benefit from the avoiding of a preference," *Wellman* was also correct in stating that such a benefit *was* required for recovery under 11 United States Code section 550. (*In re Pearson Industries, Inc., supra,* 178 B.R. at p. 760.)

Although, as Cumberland points out, Code of Civil Procedure section 1800 speaks of "recovery" rather than "avoidance" of preferential transfers, section 1800, like section 547, contains no language limiting the remedy it provides to situations in which the estate will benefit. We are not persuaded that simply because the Legislature used the word "recovery" in section 1800 it intended to incorporate into section 1800 the requirement of 11 United States Code section 550(a) that any recovery benefit the estate. The

---

[11]Cumberland also cites *Grass* v. *Osborn* (9th Cir. 1930) 39 F.2d 461 for the same proposition, but the actual holding in that case was merely that the trustee could not sell his statutory right to avoid a preference. The court did not discuss whether an avoidance action must benefit the estate. (*Id.,* at pp. 461-462.)

[12]*In re Acequia, Inc.,* which reached the same conclusion as did *Wellman*, also dealt with recovery as well as avoidance. (*In re Acequia, Inc., supra,* 34 F.3d 800, 811.)

Legislature in enacting section 1800 obviously would have been aware of section 550(a). Had it meant to incorporate the benefit requirement of section 550(a) into Code of Civil Procedure section 1800, it would have said so. Instead, it chose to pattern section 1800 after section 547, a provision which, as we have seen, imposes no such requirement.

Moreover, the remedy sought by Blonder in this case—invalidation of the security interests in the recycling system and auxiliary equipment—is analogous to avoidance under section 547, not recovery under 11 United States Code section 550. Because the transfers to be avoided consisted of the perfection of security interests, annulment of the interests was a complete remedy and no "recovery" was necessary or even feasible. We therefore conclude the decisions applying section 547, rather than those applying section 550, should govern the application of Code of Civil procedure section 1800 in this case.

Our decision is supported not only by the literal language of Code of Civil procedure section 1800 and the absence of any benefit requirement, but also by the underlying purposes of the statute, which we take to be the same as those underlying section 547. As the court noted in *Enserv, supra*, 64 B.R. 519, those purposes—discouraging creditors from racing to proceed against an insolvent debtor, and preventing one creditor from obtaining greater payment than others of its class—are served by avoidance of preferential transfers regardless of whether the estate benefits. Additionally, depriving an assignee of standing to pursue preference claims once the assets were sold would effectively require him or her to postpone the sale until after all preference claims had been litigated, with the potential loss of attractive purchase offers received in the interim.

For these reasons, we conclude the lower court correctly ruled Blonder had standing to bring the cross-complaint.[13]

---

[13]Cumberland makes an additional argument that even if Blonder had standing under Code of Civil Procedure section 1800, the transfer to Ecosource of all of Blonder's interest in the recycling system and auxiliary equipment effectively divested Blonder of any right to assert a preference claim as to those items. However, Blonder never purported to assign to Ecosource his right to recover preferential transfers, and even if he had, the agreement probably would have been unenforceable without court approval. (See *In re Vogel Van & Storage Inc.* (Bankr. N.D.N.Y. 1997) 210 B.R. 27, 32-33 [bankruptcy trustee ordinarily cannot assign right to avoid preference under § 547(b)].)

## III

### DISPOSITION

The judgment is affirmed. Costs to respondent.

Hollenhorst, Acting P. J., and Gaut, J., concurred.