In re Erwin A. PORGES, also known as E. Allen Porges, Debtor.

Erwin A. PORGES, also known as E. Allen Porges, Plaintiff–Appellant,

v.

GRUNTAL & COMPANY, INCORPORATED, Defendant–Appellee.

No. 94–5013.

United States Court of Appeals, Second Circuit.

Argued Oct. 4, 1994.

Decided Jan. 5, 1995.

Charles Jacobson, Woodbury, NY, for appellant.

John J. O'Donnell, New York City (Kevin T. Rover, Morgan, Lewis & Bockius, New York City), for appellee.

Before: MESKILL, MAHONEY and McLAUGHLIN, Circuit Judges.

MESKILL, Circuit Judge:

In this appeal we must determine whether a bankruptcy court, following a bench trial, properly may enter a money judgment against a debtor on the basis of a creditor's claims when the debtor voluntarily withdraws his Chapter 13 bankruptcy petition after the trial. The United States Bankruptcy Court for the Eastern District of New York, Hall, *B.J.*, answered this question in

the affirmative, exercising jurisdiction pursuant to 28 U.S.C. § 157. The United States District Court for the Eastern District of New York, Spatt, *J.*, affirmed. We have jurisdiction over appellant's timely appeal pursuant to 28 U.S.C. § 158(d), and we in turn affirm.

## BACKGROUND

Erwin A. Porges began working as a stockbroker for Gruntal & Co., Inc. (Gruntal) in February 1989. Porges came to the firm from Dean Witter Reynolds, Inc. (Dean Witter), and several of his Dean Witter clients transferred their accounts to Gruntal. While employed at both firms Porges "churned" the account of a client named Suzanne Breen by making numerous trades to generate commissions while using improperly obtained discretionary authority. Gruntal ultimately discovered the activity and fired Porges, thereby activating Porges' liability under his employment contract for two promissory notes Porges previously executed in favor of Gruntal. Gruntal commenced a New York Stock Exchange (NYSE) arbitration against Porges to recover on the promissory notes (Gruntal Arbitration), while Breen commenced a separate NYSE arbitration against Porges, Dean Witter and Gruntal to recover damages for Porges' mishandling of her accounts at both brokerage firms (Breen Arbitration).

Porges filed for Chapter 13 bankruptcy protection three days before the first hearing in the Gruntal Arbitration, thereby staying all arbitration proceedings against Porges under the Bankruptcy Code's automatic stay provision. *See* 11 U.S.C. § 362. The Breen Arbitration, however, proceeded against Dean Witter and Gruntal. Dean Witter and Breen reached a settlement, while the arbitration panel awarded Breen $205,345 in damages against Gruntal. Gruntal paid Breen this amount.

Gruntal then sought indemnification and contribution from Porges by filing a proof of claim for the full amount paid to Breen in Porges' bankruptcy proceeding. Gruntal also filed a proof of claim for the amount owed by Porges on the two promissory notes, and filed an objection to Porges' first amended plan of reorganization on the ground that the plan provided for full repayment of all unsecured creditors except Gruntal and Dean Witter. Porges objected to Gruntal's proofs of claim, and commenced an adversary proceeding in bankruptcy court pursuant to 11 U.S.C. § 502(b). Porges argued that Gruntal could not obtain indemnification of the amount paid to Breen because the firm's improper supervision made it wholly liable for his activities. Porges also objected to Gruntal's claims for repayment of the promissory notes, asserting that Gruntal breached the employment contract of which the promissory notes were an essential part. Finally, Porges filed counterclaims against Gruntal alleging, *inter alia*, that Gruntal breached his employment contract and wrongfully terminated him.

The bankruptcy court held a bench trial on the adversary proceeding on March 29, 1993. At the close of evidence the court orally ruled in Gruntal's favor and directed Gruntal's attorney to submit proposed findings of fact and conclusions of law. On April 23, 1993, however, one day before Gruntal's submissions were due, Porges moved to dismiss his Chapter 13 petition. The bankruptcy court signed the order of voluntary dismissal, but specifically retained jurisdiction pursuant to 11 U.S.C. § 349 to enter its findings of fact and conclusions of law on the issues previously adjudicated. The court issued its findings and conclusions the same day, allowing both of Gruntal's claims, dismissing Porges' counterclaims with prejudice, and awarding attorney's fees.[1] Gruntal then submitted a proposed judgment which provided for a money judgment against Porges on its

1. The bankruptcy court's findings ultimately would have led to the dismissal of Porges' bankruptcy petition, because the allowance of Gruntal's claims placed the total amount of Porges' unsecured debts above the $100,000 maximum set by Chapter 13. *See* 11 U.S.C. § 109(e) ("Only an individual with regular income that owes, on the date of the filing of the petition, noncontin-

gent, liquidated, unsecured debts of less than $100,000 and noncontingent, liquidated, secured debts of less than $350,000 ... may be a debtor under chapter 13 of this title."). At no time, however, did Porges seek to refile or convert his petition under any other applicable chapter of the Bankruptcy Code.

claims, plus attorney's fees. Porges objected to entry of the proposed judgment, and on August 13, 1993 the bankruptcy court overruled these objections and entered judgment in Gruntal's favor pursuant to Federal Rule of Civil Procedure 58 and Bankruptcy Rule 9021. *See In re Porges,* 157 B.R. 212, 214 (Bankr.S.D.N.Y.1993).

Porges did not appeal the merits of the bankruptcy court's trial rulings. Rather, he appealed the judgment on the grounds that the bankruptcy court was without jurisdiction to enter a judgment in an adversary proceeding following dismissal of the underlying bankruptcy case, and, moreover, that the bankruptcy court lacked authority to enter a money judgment after allowing claims in an adversary proceeding conducted pursuant to 11 U.S.C. § 502. The district court rejected these arguments, and Porges now appeals.

## DISCUSSION

### I. *Jurisdiction*

We first address the threshold issue whether the bankruptcy court properly exercised jurisdiction by entering a judgment on the adversary proceeding following the dismissal of Porges' bankruptcy case. Conclusions of law made by either the bankruptcy court or the district court on a bankruptcy appeal are subject to *de novo* review. *In re Brody,* 3 F.3d 35, 38 (2d Cir.1993); *In re Manville Forest Prods.,* 896 F.2d 1384, 1388 (2d Cir.1990).

In its order of dismissal of Porges' bankruptcy case, the bankruptcy court retained jurisdiction pursuant to 11 U.S.C. § 349 to issue a decision in the pending adversary proceeding. Although Porges concedes that the bankruptcy court possessed the authority to determine whether Gruntal's proofs of claim should be allowed, he argues that the dismissal of his case deprived the bankruptcy court of jurisdiction to enter a judgment.

This issue presents a question of first impression in this Circuit. We join several other circuits in adopting the general rule

that related proceedings ordinarily should be dismissed following the termination of the underlying bankruptcy case. This general rule favors dismissal because a bankruptcy court's jurisdiction over such related proceedings depends on the proceedings' nexus to the underlying bankruptcy case. *See In re Querner,* 7 F.3d 1199, 1201–02 (5th Cir. 1993); *In re Morris,* 950 F.2d 1531, 1533 (11th Cir.1992); *In re Smith,* 866 F.2d 576, 580 (3d Cir.1989). Notwithstanding this general rule, however, nothing in the Bankruptcy Code requires a bankruptcy court to dismiss related proceedings automatically following the termination of the underlying case. *See, e.g., In re Querner,* 7 F.3d at 1201–02; *In re Carraher,* 971 F.2d 327, 328 (9th Cir.1992) (per curiam); *In re Morris,* 950 F.2d at 1534; *In re Roma Group,* 137 B.R. 148, 150 (Bankr.S.D.N.Y.1992); *In re Pocklington,* 21 B.R. 199, 202 (Bankr. S.D.Cal.1982). Indeed, section 349 of the Bankruptcy Code authorizes bankruptcy courts to alter the normal effects of the dismissal of a bankruptcy case if cause is shown. *See* 11 U.S.C. § 349 (setting forth consequences of dismissal "unless the court, for cause, orders otherwise"). Accordingly, we hold that the dismissal of an underlying bankruptcy case does not automatically strip a federal court of jurisdiction over an adversary proceeding which was related to the bankruptcy case at the time of its commencement. The decision whether to retain jurisdiction should be left to the sound discretion of the bankruptcy court or the district court, depending on where the adversary proceeding is pending.

In this appeal the district court, following several decisions in other circuits, analogized the bankruptcy court's exercise of jurisdiction over the adversary proceeding to a district court's jurisdiction over pendent state claims following dismissal of all federal claims. *See, e.g., In re Carraher,* 971 F.2d at 328; *In re Smith,* 866 F.2d at 580. In such cases a district court is not required to dismiss the state claims, although dismissal of such claims is the general rule.[2] *See DiLau-*

---

2. Indeed, the continued exercise of jurisdiction by a bankruptcy court rests on perhaps a more solid basis, as district courts have the discretion

to decline to hear pendent state law claims in general, *see United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966);

*ra v. Power Authority of New York*, 982 F.2d 73, 80 (2d Cir.1992). Rather, a court must consider four factors in determining whether to continue to exercise jurisdiction: judicial economy, convenience to the parties, fairness and comity. *See Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 619, 98 L.Ed.2d 720 (1988); *DiLaura*, 982 F.2d at 80.

The bankruptcy court considered these factors and properly concluded that it possessed jurisdiction over the adversary proceeding following the dismissal of Porges' bankruptcy case. *Porges*, 157 B.R. at 215. The court had conducted a trial on all contested issues and had issued a decision, and the matter awaited only the filing of findings of fact and conclusions of law and the entry of a judgment. To have declined jurisdiction at that stage would have served no useful purpose, and would have wasted the resources already invested by the parties and the court. *See In re Smith*, 866 F.2d at 580; *see also In re Roma Group*, 137 B.R. at 150–51; *In re Stardust Inn*, 70 B.R. 888, 890–91 (Bankr.E.D.Pa.1987). Further, it would be unfair to compel Gruntal to relitigate the matter, particularly where, as here, a debtor voluntarily submitted himself to the jurisdiction of the bankruptcy court and thereby forced a creditor to litigate its claims in that forum. *See In re Pocklington*, 21 B.R. at 202; *In re Roma Group*, 137 B.R. at 151. Accordingly, we find that the above grounds amply support the bankruptcy court's decision to retain jurisdiction over Porges' adver-

sary proceeding following the dismissal of his bankruptcy petition.

## II. *Entry of Money Judgment*

■ Porges also argues that section 502(b) of the Bankruptcy Code, which governs adversary proceedings, supplies the basis for the bankruptcy court to allow or deny Gruntal's proofs of claim but does not support the entry of a money judgment. This argument thus raises the issue of whether a bankruptcy court has jurisdiction to enter a money judgment against a debtor in an adversary proceeding following the dismissal of the underlying bankruptcy case. Porges does not contest the factual findings of the bankruptcy court. We thus review this legal issue *de novo. In re Brody*, 3 F.3d at 38.

■ Porges does not contest that the adversary proceeding involving Gruntal's claims and Porges' counterclaims was subject to the jurisdiction of the bankruptcy court when it was filed.[3] Nor does Porges contest the fact that an adversary proceeding is a "core proceeding," *see* 28 U.S.C. § 157(b)(2)(B)–(C); *see also In re Manville Forest Prods.*, 896 F.2d at 1389, and thus the bankruptcy court had jurisdiction to "enter appropriate orders and judgments." 28 U.S.C. § 157(b)(1).[4] Porges contends, however, that because Gruntal's claims and his counterclaims were determined by the bankruptcy court in the context of a section 502(b) hearing, the bankruptcy court's authority is limited simply to determining the viability of any claims against his estate and does not

*Federman v. Empire Fire and Marine Ins. Co.*, 597 F.2d 798, 809 (2d Cir.1979), whereas bankruptcy courts do not possess such discretion over adversary proceedings arising under the Bankruptcy Code or arising in a case under the Code. *See* 28 U.S.C. § 1334(b), (c). Further, unlike a lawsuit in which a claim that gives rise to federal subject matter jurisdiction coexists with pendent or ancillary state claims, an adversary proceeding and the companion bankruptcy case constitute two distinct proceedings. These distinctions serve to support a bankruptcy court's exercise of jurisdiction over an adversary proceeding following dismissal of the underlying bankruptcy case.

3. The federal district courts have "original and exclusive" jurisdiction over all cases that arise under the Bankruptcy Code, and "original but not exclusive" jurisdiction of all civil proceedings arising under title 11, or arising in or related to

cases under title 11." 28 U.S.C. § 1334. Pursuant to 28 U.S.C. § 157(a) the United States District Court for the Eastern District of New York automatically refers all cases arising under, in, or related to a bankruptcy case under Title 11 to the United States Bankruptcy Court for the Eastern District of New York. The bankruptcy court thus had jurisdiction over both Porges' Chapter 13 petition and any related proceedings. *See In re Wefco, Inc.*, 97 B.R. 749, 751 (E.D.N.Y.1989).

4. Section 157 provides that a bankruptcy court may "hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of [section 157], and may enter appropriate orders and judgments, subject to review under section 158 [of title 28]." 28 U.S.C. § 157(b)(1).

extend to the entry of a money judgment. Porges' argument reduces to the contention that a bankruptcy court reviewing an adversary proceeding possesses sufficient jurisdiction to determine liability on a contested claim but does not have jurisdiction to enter a money judgment predicated on that liability. Nothing in the Bankruptcy Code or other federal law supports such a construction.

The basis of the bankruptcy court's authority to issue a money judgment rests on section 502 of the Bankruptcy Code. Section 502(a) provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest ... objects." 11 U.S.C. § 502(a). Section 502(b) then provides that, except in certain circumstances not relevant here, "if such [an] objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim ... and shall allow such claim in such amount." 11 U.S.C. § 502(b); *see In re McLaren,* 3 F.3d 958, 965–66 (6th Cir.1993); *In re Hallahan,* 936 F.2d 1496, 1508 (7th Cir.1991). Thus, it is illogical to separate the function of determining the validity of a claim from the function of fixing the claim's monetary value. *See In re Devitt,* 126 B.R. 212, 215 (Bankr.D.Md. 1991).

■ Section 502 therefore required the bankruptcy court to "determine[ ] the validity of the claim[s] and the amount allowed." *Kane v. Johns–Manville Corp.,* 843 F.2d 636, 646 (2d Cir.1988). It was then but a short and logical step for the bankruptcy court to enter a money judgment against Porges, on the basis of its section 502 determination, pursuant to Federal Rule of Civil Procedure 58[5] and Bankruptcy Rule 9021.[6] Rule 58

directs the clerk of the court to enter judgment in favor of a prevailing party on a separate document following a decision by the court, and it serves to inform the parties that the court has reached a final decision. *See Ellender v. Schweiker,* 781 F.2d 314, 317 (2d Cir.1986). Bankruptcy Rule 9021 incorporates Rule 58 and likewise directs that "[e]very judgment entered in an adversary proceeding on a contested matter shall be set forth on a separate document." As the bankruptcy court had determined the validity and amount of Gruntal's claims following the trial of the adversary proceeding, and as the bankruptcy court's jurisdiction over the adversary proceeding survived the dismissal of Porges' bankruptcy case, entry of judgment pursuant to Rule 58 and Bankruptcy Rule 9021 was appropriate. *See Reid v. White Motor Corp.,* 886 F.2d 1462, 1468 (6th Cir. 1989) (holding Rule 58 and Bankruptcy Rule 9021 applied in decision denying proofs of claim following adversary proceeding), *cert. denied,* 494 U.S. 1080, 110 S.Ct. 1809, 108 L.Ed.2d 939 (1990); *see generally United States v. Indrelunas,* 411 U.S. 216, 221–22, 93 S.Ct. 1562, 1564–65, 36 L.Ed.2d 202 (1973) (per curiam) (holding that in order to prevent uncertainty Rule 58 must be mechanically applied).

The entry of a money judgment also finds support in the bankruptcy court's inherent equitable powers. It has long been the rule that bankruptcy courts sit as courts of equity, *see Pepper v. Litton,* 308 U.S. 295, 304–05, 60 S.Ct. 238, 244, 84 L.Ed. 281 (1939), and once a court sitting in equity has jurisdiction over the parties to a controversy brought before it, the court can decide all disputed matters and decree complete relief. *Alexander v. Hillman,* 296 U.S. 222, 242, 56 S.Ct.

5. Rule 58 provides in pertinent part:
   [U]pon a general verdict of a jury, or upon a decision by the court that a party shall recover only a sum certain or costs or that all relief shall be denied, the clerk, unless the court otherwise orders, shall forthwith prepare, sign, and enter the judgment without awaiting any direction by the court.... Every judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79(a). Fed.R.Civ.P. 58. Rule 79(a) outlines the requirements for maintaining a civil docket in federal cases.

6. Bankruptcy Rule 9021 reads as follows:
   Except as otherwise provided herein, Rule 58 F.R.Civ.P. applies in cases under the Code. Every judgment entered in an adversary proceeding or contested matter shall be set forth on a separate document. A judgment is effective when entered as provided in Rule 5003. The reference in Rule 58 F.R.Civ.P. to Rule 79(a) F.R.Civ.P. shall be read as a reference to Rule 5003 of these rules.
   Bankruptcy Rule 5003 outlines the requirements for maintaining a docket in bankruptcy cases.

204, 211, 80 L.Ed. 192 (1935); *see also In re Hallahan,* 936 F.2d at 1508; *In re Beck Indus.,* 605 F.2d 624, 634 (2d Cir.1979); *cf. Abramowitz v. Palmer,* 999 F.2d 1274, 1279 (8th Cir.1993) (holding that bankruptcy court possessed jurisdiction to enter money judgment in non-core proceeding against third party).

▮ The bankruptcy court properly exercised such discretion in this case. While Porges obtained a dismissal of his bankruptcy case and chose not to convert his petition to a proceeding under another chapter of the Bankruptcy Code, he previously had sought bankruptcy protection and initiated the adversary proceeding. Porges thus subjected himself " 'to all the consequences that attach to an appearance,' " including the determination of liability on Gruntal's claims.[7] *In re McLaren,* 3 F.3d at 966 (quoting *Hillman,* 296 U.S. at 242, 56 S.Ct. at 211). A party seeking relief in bankruptcy court cannot avoid an adverse judgment by subsequently abjuring bankruptcy protection. *See Pepper,* 308 U.S. at 305, 60 S.Ct. at 244 (holding that where a court possesses jurisdiction over a disputed matter, it may exercise its equitable powers to ensure "that substance will not give way to form, [and] that technical considerations will not prevent substantial justice from being done").[8] Finally, the exercise of a court's equitable powers to enter judgment is particularly appropriate where the court's decision would have preclusive effect in any subsequent proceedings. *See Walter E. Heller & Co. v. Cox,* 343 F.Supp. 519, 524 (S.D.N.Y.1972) (holding that bankruptcy court's decision "with respect to a creditor's claim for money or for property is a final judgment and should be given the same effect as any other judgment of a competent court, in a subsequent suit against the bankrupt or anyone in privity with him") (citations omitted), *aff'd without opinion,* 486 F.2d 1398 (2d Cir.), *cert. denied,* 414 U.S. 827, 94 S.Ct. 46, 38 L.Ed.2d 61 (1973); *accord In re Baudoin,* 981 F.2d 736, 742 (5th Cir.1993) (noting that order allowing proof of claim constitutes final judgment); *Sure–Snap Corp. v. State Street Bank & Trust Co.,* 948 F.2d 869, 870 (2d Cir.1991) (holding that debtor whose plan of reorganization had been confirmed by bankruptcy court could not later bring lender liability claims against creditors where those claims could have been raised in bankruptcy proceeding).

Porges argues that the entry of judgment in favor of Gruntal violated the chief goals of bankruptcy, including the orderly and equal distribution of a bankruptcy estate's assets among all creditors and the rehabilitation of debtors. Specifically, Porges asserts that the bankruptcy court placed Gruntal ahead of Porges' other creditors by entering judgment for Gruntal. Porges' voluntary dismissal of his bankruptcy case after learning of a probable adverse decision leads one to question his concern for his other creditors, and in any case the dismissal lifted the automatic bankruptcy stay and rendered moot the concept of equal treatment among creditors. The dismissal did not, however, shield Porges from the legal consequences of a determination in a previous adversary proceeding.

### CONCLUSION

For the above reasons we affirm the judgment of the district court.

---

7. The bankruptcy court's dismissal of Porges' bankruptcy petition on his voluntary motion ultimately would have proved necessary because the allowed claims on Porges' bankruptcy estate exceeded the statutory maximum for Chapter 13 jurisdiction. *See supra* note 1. The resulting procedural posture of the adversary proceeding renders this case similar to cases in other circuits which have held that the determination of the non-dischargeability of a debt survives the dismissal of the underlying bankruptcy proceeding. *See, e.g., In re McLaren,* 3 F.3d at 966; *In re Hallahan,* 936 F.2d at 1508 ("we think it preferable to allow bankruptcy courts ruling on the dischargeability of a debt to adjudicate the issues of liability and damages also").

8. The sole case on which Porges relies, *In re Bell,* 28 B.R. 9 (9th Cir. BAP 1983), does not support his argument that section 502(b) does not authorize entry of judgment on the determination of a contested claim. *Bell* involved the question whether a money judgment entered against a debtor must be vacated because the debtor was not provided an opportunity to raise an affirmative defense in an adversary proceeding, and the court did not address the issue presented by this appeal.