**In re Rayna CUFFEE, Debtor.**

**Nos. CV 98–4149, CV 98–4666.**

United States District Court,
E.D. New York.

March 23, 1999.

**54**

Lowenstein Sandler PC, Roseland, New Jersey, by Lawrence M. Rolnick, of counsel, for the appellant Windels, Marx, Davies & Ives.

Windels, Marx, Davies & Ives, New York City, by Charles E. Simpson, of counsel, James M. Shaughnessy, of counsel, appellant pro se.

Warner & Joselson, New York City, by Jonathon D. Warner, of counsel, Karl E. Scheuerman, of counsel, for Rayna Cuffee.

### MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

### I. BACKGROUND

This is an appeal by the Appellant Windels, Marx, Davies & Ives ("Windels") from two Orders of United States Bankruptcy Judge Francis G. Conrad dated May 5, 1998 and June 1, 1998. The May 5, 1998 Order dismissed with prejudice an involuntary bankruptcy petition (898–83119–346) filed by Windels against the debtor, Rayna Cuffee (the "Debtor" or "Cuffee"). The June 1, 1998 Order dismissed a subsequently filed involuntary bankruptcy petition (898–84917–346) by Windels against the Debtor and directed Windels to show cause why it should not be sanctioned and/or held in contempt for filing a second petition in violation of an order of the Bankruptcy Court. Judge Conrad based the June 1, 1998 dismissal on the dismissal "with prejudice" of May 5, 1998.

### II. DISCUSSION

While the Court will not examine in detail the underlying facts that resulted in the filing of the involuntary bankruptcy petition by Windels, a brief synopsis of the pertinent facts follows. Windels is a creditor of Cuffee as a result of Cuffee's alleged failure to pay for legal services performed on her behalf in connection with chapter 7 and chapter 11 bankruptcy proceedings involving both the Debtor and her husband James Cuffee, as well as 218 Property Corporation, a corporation wholly-owned by Mr. Cuffee. On March 20, 1998, after learning that Cuffee intended to enter into a transaction that would prevent Windels from being paid their legal fees and disbursements, Windels filed a one creditor involuntary chapter 7 petition against Cuffee.

On April 23, 1998, Windels, represented by James M. Shaughnessy, Esq., and Cuffee, represented by Jonathon D. Warner, Esq., entered into a stipulation of discontinuance that was placed on the record, as follows:

> MR. SHAUGHNESSY: With respect to the Ryan Cuffee involuntary Chapter 7, your Honor, Mr Warner and I have agreed that Windels, Marx, Davies & Ives will withdraw the involuntary petition. Both motions obviously will be withdrawn at the same time with no cost to either side, with both sides agreeing that neither will make any claims for sanctions and/or damages against the other. And counsel for Mrs. Cuffee has

agreed that he will accept service of process from Mrs. Cuffee in either an amended complaint or in the action we have commenced in the Supreme Court, New York County, against James Cuffee, barring a separate action against Mrs. Cuffee.

THE COURT: What about the Trustee in the Cuffee case, Mr. Cuffee's case; is that acceptable to you?

MS. JAGDE: Yes, it is acceptable, Judge.

MR. WARNER: It is acceptable, Judge, **with the proviso that there be no new Chapter 7 started against Rayna Cuffee.**

THE COURT: **At least not by this creditor.**

MR. WARNER: **Yes, that's correct.**

THE COURT: **That's acceptable to me. Submit the order.**

(Emphasis added).

Windels and the Debtor submitted proposed orders that reflected the settlement placed on the record. However, Cuffee's proposed order indicated that the dismissal was "with prejudice," while Windels's proposed order specified that the dismissal was "without prejudice." Shortly thereafter, Windels submitted a letter to Judge Conrad objecting to the Debtor's proposed order. On May 5, 1998, Judge Conrad adopted the order proposed by the Debtor and inserted the following:

> Ordered, that the objection to this order by Windels, Marx, Davies & Ives is overruled because the court indicated that there would be no further filings by this creditor. In other words, "with prejudice."

On May 14, 1998, nine days later, Windels filed a three-creditor involuntary chapter 7 petition against the Debtor. Significantly, Windels was one of the creditors. On June 1, 1998, Judge Conrad dismissed the petition stating on the record:

> THE COURT: Now in reference to the Mrs. Cuffee case.... That's going to be dismissed today and it is going to be

dismissed because there clearly was an agreement here in Court that there were to be no more involuntaries. You may prepare an order to that effect, and then if you folks wish to appeal; you may appeal my order. Okay?

On June 10, 1998 Windels filed its notice of appeal of the May 5, 1998 Order, and on July 13, 1998 Windels filed its notice of appeal of the June 1, 1998 Order. It should be noted that neither of the two other creditors in the May 14, 1998 petition appeals from the June 1, 1998 Order.

### A. *Standard of Review*

A District Court hearing an appeal from a Bankruptcy Court reviews the Bankruptcy Court's findings of fact under the "clearly erroneous" standard, *see* Fed. R.Bankr.P. 8013, while its conclusions of law are reviewed under the *de novo* standard. *See In re Bennett Funding Group, Inc.,* 146 F.3d 136, 137 (2d Cir .1998) (holding that "the bankruptcy court's findings of fact are reviewed for clear error. Conclusions of law are reviewed de novo.") (citations omitted); *See also In re Porges,* 44 F.3d 159, 162 (2d Cir.1995) (holding that "conclusions of law made by either the bankruptcy court or the district court on bankruptcy appeal are subject to de novo review.") (citations omitted).

It is within this framework that this Court addresses the present bankruptcy appeals.

### B. *The May 5, 1998 Order*

■ Windels argues that where a stipulation of dismissal does not specify whether the dismissal is to be with or without prejudice, the dismissal is deemed to be without prejudice as a matter of law. (Brief of Appellant at 11). While Rule 41(a)(1) of the Federal Rules of Civil Procedure states that "[u]nless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice," the colloquy that transpired between the parties on April 23, 1998 could not be inter-

preted in any other manner than an agreement by all sides, including Windels, to consent to the dismissal of the then pending bankruptcy petition with prejudice:

> MR. WARNER: It is acceptable, Judge, **with the proviso that there be no new Chapter 7 started against Rayna Cuffee.**
>
> THE COURT: **At least not by this creditor.**
>
> MR. WARNER: **Yes, that's correct.**
>
> THE COURT: **That's acceptable to me. Submit the order.**

The Court and counsel for the Debtor expressly stated in Court, on the record, that there would be no new chapter 7 petitions filed against Rayna Cuffee. Counsel for Windels, who was present at the time of the stipulation of discontinuance, participated in the stipulation, heard the terms of the dismissal, and did not object. In sum, counsel for Windels did not object to the unambiguous terms of the de facto voluntary dismissal with prejudice as stated by Warner and agreed to by Judge Conrad.

■ A stipulation of settlement on the record in Court is one of the strongest and most binding agreements in the field of the law.

> Stipulations of settlement are favored by the courts and not lightly cast aside. This is all the more so in the case of open court stipulations ... where strict enforcement not only serves the interest of efficient dispute resolution but also is essential to the management of court calendars and integrity of the litigation process.

*Hallock v. State of New York,* 64 N.Y.2d 224, 485 N.Y.S.2d 510, 474 N.E.2d 1178 (1984) (citations omitted). As an "oral stipulation in open court can effect dismissal," *Orsini v. Kugel,* 9 F.3d 1042, 1045 (2d Cir.1993), it is clear that the parties are bound to the terms of their agreement made on the record. An agreement made on the record, in open court, and "under the eyes of the Court," is a most solemn

undertaking requiring the lawyers and the parties to make every reasonable effort to carry out all the terms to a successful conclusion. *Warner v. Rossignol* 513 F.2d 678 (1st Cir.1975).

Based on the clear and unambiguous record, where counsel for the Debtor specifically stated that "it is acceptable, Judge, with the proviso that there be no new Chapter 7 started against Rayna Cuffee," and the fact that counsel for Windels did not object, the Court finds that Judge Conrad's May 5, 1998 Order dismissing the involuntary bankruptcy proceeding "with prejudice" evidenced the intentions of the parties the time of the stipulation. Accordingly, Judge Conrad's May 5, 1998 Order is affirmed.

### C. *The June 1, 1998 Order*

■ When counsel for Windels failed to object to counsel for the Debtor's statement, on the record, that "[i]t is acceptable, Judge, with the proviso that there be no new Chapter 7 started against Rayna Cuffee," Windels was bound to that agreement not to commence another petition against Cuffee, even jointly with other creditors. Interestingly, the Court notes that neither of the two other creditors have filed a notice of appeal of this order of dismissal. Therefore, Judge Conrad properly dismissed the subsequently filed involuntary petition against Cuffee.

■ Finally, Judge Conrad's direction that Windels show cause why it should not be sanctioned and/or held in contempt for filing a second petition in violation of an order of the Bankruptcy Court, is not ripe for review on appeal. When this appeal was originally filed, no determination as to whether Windels would be held in contempt had been made by the Bankruptcy Court. Moreover, the issue of contempt was not listed in the "Designation of Record and Issues on Appeal." Thus, while on October 8, 1998 Judge Conrad found Charles E. Simpson, Esq. and Windels in contempt, a review of that Order must be briefed under a separate appeal.

Accordingly, Judge Conrad's June 1, 1998 Order dismissing bankruptcy case No. 898–84917–346 is affirmed.

## III. CONCLUSION

Having reviewed the parties' submissions it is hereby

**ORDERED,** that the May 5, 1998 Order of United States Bankruptcy Judge Francis G. Conrad is affirmed; and it is further

**ORDERED,** that the June 1, 1998 Order of United States Bankruptcy Judge Francis G. Conrad is also affirmed; and it is further

**ORDERED,** that the Clerk of the Court is directed to close both cases.

**SO ORDERED.**