Michael E. SEUNG and Marveen Seung a/k/a Maureen Seung, Appellants/Debtors,

v.

Kenneth P. SILVERMAN, Appellee.

No. CV–02–3324(ADS)(WDW).

United States District Court, E.D. New York.

Jan. 22, 2003.

Dennis J. O'Sullivan, P.C., Flushing, NY, for Appellants/Debtors.

Silverman Perlstein & Acampora LLP, by Anthony C. Acampora, of counsel, Jericho, NY, for Appellee.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

The appellants/debtors Michael E. Seung and Marveen Seung also known as Maureen Seung (collectively, the "appel-

lants") appeal from an order dated April 16, 2002 by United States Bankruptcy Judge Melanie L. Cyganowski disallowing the appellants' claimed exemption for Marveen Seung's personal injury action under 11 U.S.C. § 522(d)(11)(D).

## I. BACKGROUND

On January 17, 2002, the appellants, husband and wife, jointly filed a voluntary petition pursuant to Chapter 7 and Section 302 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York. Michael Seung is a New York State resident and Marveen Seung is a New Jersey resident. The appellee Kenneth P. Silverman (the "appellee") was appointed interim trustee of the appellants' bankruptcy estate and is presently the permanent trustee of that estate.

Shortly after filing their petition for bankruptcy, the appellants filed a joint application seeking to exempt certain property from the bankruptcy estate: a New Jersey personal injury action valued at $16,150 under 11 U.S.C. § 522(d)(11)(D); assorted jewelry valued at $70 under N.Y. C.P.L.R. § 5205; a Columbia Federal Savings account valued at $600 under N.Y. Debt. & Cred. Law § 283; a First Union Checking account valued at $2,000 under 11 U.S.C. § 522(d)(5); assorted furniture and video equipment valued at $1,500 under 11 U.S.C. § 522(d)(3); personal clothing valued at $600 under 11 U.S.C. § 522(d)(3) and N.Y. C.P.L.R. § 5205(a)(5); and a stereo valued at $50 under N.Y. C.P.L.R. § 5205(a)(5).

The appellee objected to the appellants' exemption application on the following grounds: (1) the appellants' use of the New York State and the federal bankruptcy exemption schemes violated Section 522(b) of the Bankruptcy Code; (2) the appellants were required to elect the New York State exemption scheme because Michael Seung is a New York domiciliary and New York has "opted-out" of the federal bankruptcy exemption scheme; and (3) the appellants were limited to a personal injury action exemption in the sum of $7,500, the statutory maximum allowed under the New York State exemption scheme. In response, the appellants argued that Marveen Seung was entitled to elect federal exemptions because as a New Jersey resident she was not entitled to elect New York State exemptions.

On April 3, 2002, Judge Cyganowski heard oral argument on the appellee's motion and then granted it. In support of her decision, she first noted that Section 522(b) of the Bankruptcy Code expressly allows States to "opt-out" of the federal bankruptcy exemption scheme and that New York has invoked that "opt-out" right in Section 282 of the New York State Debtor and Creditor Law. *In the Matter of Seung*, 02–80388, at 11–12 (Bankr. E.D.N.Y. Apr. 3, 2002). She then noted that Section 522(b) expressly states that in joint debtor cases, as here, the debtors may not stack or split their claims of exemptions but rather they must claim their exemptions under the same federal, state or local exemption schemes. *Id.* at 12–13. As such, she concluded that the appellants may not choose federal exemptions for some claims and state exemptions for others. *Id.* at 13–14. Based upon that analysis, she granted the appellee's motion without prejudice to the appellants' properly amending their exemption application. *Id.* at 14.

On April 16, 2002, Judge Cyganowski issued a written order disallowing the appellants' claimed exemption for Marveen Seung's personal injury action under 11 U.S.C. § 522(d)(11)(D). On April 25, 2002, the appellants filed a notice of appeal from that order.

## II. STANDARD

■ A district court hearing an appeal from a bankruptcy court reviews that court's findings of fact under the "clearly erroneous" standard, *see* Fed. R. Bankr. 8013, while its conclusions of law are reviewed under the *de novo* standard. *In re AroChem Corp.*, 176 F.3d 610, 620 (2d Cir.1999); *see also In re Bennett Funding Group, Inc.*, 146 F.3d 136, 138 (2d Cir. 1998); *In re Porges,* 44 F.3d 159, 162 (2d Cir.1995).

## III. DISCUSSION

■ Section 522(b) of the Bankruptcy Code expressly states that in joint debtor cases, as here, one debtor may not elect to exempt property under the federal bankruptcy exemption scheme while the other debtor elects to exempt property under the federal non-bankruptcy, state or local exemption schemes. 11 U.S.C. § 522(b). Rather, the joint debtors must elect one exemption scheme. *See id.* §§ 522(b) & (m); *see also* Alan N. Resnick ET AL., 4 Collier on Bankruptcy ¶ 522.23[5] (15th ed.2002) ("Before the 1984 amendments, there was a practice of 'stacking' exemptions in joint cases, whereby one joint debtor would choose the federal exemptions and the other joint debtor would choose the state exemptions, thereby maximizing the overall amount exempt. This practice was prohibited by the amendments made by the 1984 Act to subsections (b) and (m) of section 522.").

Section 522(b) expressly grants States the right to "opt-out" of the federal bankruptcy exemption scheme and replace that scheme with its own. 11 U.S.C. § 522(b)(1) & (2)(A)(noting that States may prevent debtors domiciled in their state from electing the federal exemptions and replace those exemptions with their own exemptions). New York State has "opted-out" of the federal bankruptcy exemption scheme, *see* N.Y. Debt. & Cred. Law § 282–284, and expressly prohibited debtors domiciled there from using the federal bankruptcy exemption scheme. *See id.* § 284 ("Exclusivity of exemptions. In accordance with the provisions of section five hundred twenty-two (b) of title eleven of the United States Code, debtors domiciled in this state are not authorized to exempt from the estate property that is specified under subsection (d) of such section."). Instead of the federal bankruptcy exemption scheme, debtors domiciled in New York must elect the exemption scheme set forth under New York law. *See id.* § 282, for the permissible exemptions under New York law.

In this case, Michael and Marveen Seung jointly filed a petition for bankruptcy. Section 522(b) of the Bankruptcy Code expressly permits them to elect one exemption scheme. As a resident of New York, Michael must elect the New York State exemption scheme. Because Marveen is a joint debtor, she must elect the same exemption scheme, which must be the New York State exemption scheme due to Michael's residency status. As such, Michael and Marveen, as joint debtors, are entitled to claim a personal injury action exemption of $7,500, the statutory maximum under the New York State exemption scheme. *See* N.Y. Debt. & Cred. Law § 282(3).

The appellants argue that the New York State exemption scheme does not apply to non-domiciliaries and therefore Marveen is not limited to the $7,500 exemption. The Court disagrees. This contention directly contradicts the provisions in the Bankruptcy Code which prohibit joint debtors from electing more than one exemption scheme. *See* 11 U.S.C. §§ 522(b) & 522(m). In addition, the appellants cite no case law to

support this contention and the Court finds none.

The appellants next argue that the New York State exemption scheme should not apply to property in which New York has no interest. Again, the Court disagrees. This contention also directly contradicts the provisions in the Bankruptcy Code which prohibit joint debtors from electing more than one exemption scheme. Also, the appellants cite no case law to support this contention and the Court finds none.

For the above-noted reasons, the Court finds that Judge Cyganowski properly disallowed the appellants' claimed exemption for Marveen Seung's personal injury action under 11 U.S.C. § 522(d)(1)(D).

### III. CONCLUSION

Based upon the foregoing, it is hereby

**ORDERED,** that the order dated April 16, 2002 by United States Bankruptcy Judge Melanie L. Cyganowski disallowing the appellants' claimed exemption for Marveen Seung's personal injury action under 11 U.S.C. § 522(d)(11)(D) is affirmed in its entirety; and it is further

**ORDERED,** that the Clerk of the Court is directed to close this case.

**SO ORDERED.**