**In re Nora L. GARNETT, Debtor.**

**Bankruptcy No. 899–86496–511.**
**03–CV–1319 JS.**

United States District Court,
E.D. New York.

Oct. 21, 2003.

Robert J. Zysk, Patchogue, NY, for Appellant/Creditor.

Sean Sabeti, Hempstead, NY, for Appellee/Debtor.

### MEMORANDUM AND DECISION

SEYBERT, District Judge.

Pending before this Court is an appeal arising from a Chapter 13 bankruptcy action filed in the United States Bankruptcy Court for the Eastern District of New York by Debtor Nora L. Garnett ("Debtor"). Appellant Joseph Sollazzo, Jr. ("Appellant") appeals from the Order of the Honorable Melanie L. Cyganowski, U.S.B.J., dated January 26, 2003, denying Appellant's Motion for Reconsideration of that portion of Judge Cyganowski's prior Order, dated December 9, 2002, which affects his state court foreclosure action. For the reasons set forth more fully below, the Order of the Bankruptcy Court is hereby REVERSED.

### BACKGROUND

On August 5, 1999, Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code. Debtor eventually fell behind in payments, and, on May 6, 2002, Appellant, who holds a mortgage on Debtor's property, filed a motion to dismiss the bankruptcy petition so that he could proceed with the state court foreclosure action which he had commenced prior to the opening of the bankruptcy case. The Bankruptcy Court granted the motion on June 28, 2002 and Appellant resumed his foreclosure action.

On November 1, 2002, Debtor filed a motion in the Bankruptcy Court to vacate the dismissal of her Chapter 13 petition and to reimpose the automatic stay. The Bankruptcy Court held an evidentiary

hearing on December 9, 2002 to consider the issue of whether to vacate the dismissal. At the hearing, Debtor presented to the court a canceled check which she had tendered to Appellant, and which Appellant had cashed on or about August 19, 2002. Upon examining the canceled check, the court stated that since Appellant had accepted payment on the note, he could not proceed with his state foreclosure action, but would have to recommence the process in state court. For reasons not relevant to the issue on this appeal, the Bankruptcy Court denied Debtor's motion to vacate the dismissal. On its Order, the Bankruptcy Court appended the following handwritten language: "[B]ecause Debtor showed that Sollazzo accepted payment on the note in Aug 2002 (after the bankruptcy case was dismissed), he cannot continue the pending foreclosure action but must recommence the same if that is his decision. So Ordered."

On the following day, December 10, 2002, the Supreme Court of the State of New York, Suffolk County, issued a Judgment of Foreclosure and Sale for Debtor's property, which judgment was entered December 17, 2002. Appellant did not timely appeal that portion of the Bankruptcy Court's Order of December 9, 2002 which affected his foreclosure action, but rather filed a Motion to Reconsider pursuant to Bankruptcy Rule 9024 and FRCP 60. The Bankruptcy Court denied the motion on January 29, 2003 and, on February 3, 2003, Appellant filed a timely Notice of Appeal of the Order Denying Reconsideration.

*STANDARD OF APPELLATE REVIEW*

■ Under Rule 8013 of the Federal Rules of Bankruptcy, "on an appeal the district court … may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." FED. R. BANKR. P. 8013. The court's "finding[s] of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous …." *Id.; see also In re Momentum Mfg. Corp.,* 25 F.3d 1132, 1136 (2d Cir.1994); *In re PCH Assoc.,* 949 F.2d 585, 597 (2d Cir.1991). The bankruptcy court's legal conclusions are evaluated *de novo. See In re Momentum Mfg. Corp.,* 25 F.3d at 1136.

*DISCUSSION*

■ The question on this appeal is whether the Bankruptcy Court had subject matter jurisdiction to issue an order, effecting a foreclosure action pending in state court, at an evidentiary hearing at which the court declined to vacate its prior dismissal of the bankruptcy petition. The court's determination that it had subject matter jurisdiction to issue the Order is a conclusion of law which this Court evaluates *de novo.*

■ The subject matter jurisdiction of the bankruptcy court is defined by statute in 28 U.S.C. §§ 157 and 1334. Section 1334(b) grants the district courts "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b) (2003). Section 157(a) allows the district courts to refer "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11" to the bankruptcy judges for the district. 28 U.S.C. § 157(a) (2003). Thus, § 157(a) vests four categories of subject matter in the jurisdiction of the bankruptcy court: (1) cases "under title 11;" (2) civil proceedings "arising under title 11;" (3) civil proceedings "arising in" a case under title 11; and (4) civil proceedings "related to" a case under title 11. 28 U.S.C. § 157(a); *see also Plaza at Latham Assoc. v. Citicorp North America, Inc.,* 150 B.R. 507, 510–12 (N.D.N.Y.1993) (discussing the dis-

tinctions between the four categories of subject matter jurisdiction). Bankruptcy courts have the power to enter "appropriate orders and judgments" in cases under title 11 and in all "core proceedings arising under title 11, or arising in a case under title 11." 28 U.S.C. § 157(b)(1).

In its Order Denying Reconsideration, the Bankruptcy Court reasoned that Debtor's motion to vacate the dismissal of the bankruptcy petition was a "core proceeding" under 28 U.S.C. § 157(b)(2). Although the Bankruptcy Court did not expressly say so, it would have the power, in a core proceeding, to "enter appropriate orders and judgments," by way of 28 U.S.C. § 157(b)(1). One such order clearly would be an order denying vacation of the dismissal, which order the Bankruptcy Court did in fact make. The question, apparently a novel one, for this Court, is whether the additional Order effecting Appellant's state court foreclosure action was "appropriate" within the meaning of § 157(b)(1). The Court notes the somewhat obvious point that the Bankruptcy Court's issuing of an order which it lacked the jurisdiction to make would be inappropriate. The question then becomes whether the Bankruptcy Court had subject matter jurisdiction over the property of the bankruptcy estate, or of the Debtor, once the underlying bankruptcy petition had been dismissed.

■■ The answer to this question lies in both the language of, and the policy behind, the federal bankruptcy laws. According to 28 U.S.C. § 1334(d), "the district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction of all of the property ... of the debtor as of the commencement of such case, and of the property of the estate." 28 U.S.C. § 1334(d). Section 301 of the Bankruptcy Code states that a case "is commenced by the filing with the bankruptcy court of a petition under such chapter by an entity that may be a debtor under such chapter." 11 U.S.C. § 301 (2003). Thus the filing of the petition commences the case, which has the effect under 28 U.S.C. § 1334(d) of vesting exclusive jurisdiction over the property of the debtor and of the estate in the district court, and hence the bankruptcy court[1], in which the petition is filed. In order to effectuate this exclusive jurisdiction, § 362 of the Bankruptcy Code provides for an automatic stay of all actions against the debtor and all lien enforcement efforts against the property of the estate. *See* 11 U.S.C. § 362. Under § 362, state court actions against the debtor or the debtor's property, like Appellant's foreclosure action in the instant case, are automatically stayed by the filing of the bankruptcy petition.

It is clear that a case is commenced by the filing of the petition, and that once a case is commenced, the bankruptcy court has exclusive jurisdiction over the property of the debtor and of the bankruptcy estate. The imposition of the automatic stay concentrates this jurisdiction in the bankruptcy court by preventing any action in another court against either the debtor or the property of the estate. In so doing, the stay prevents creditors with competing claims from filing actions in different courts in order to be first to get a share of the debtor's property. The stay also prevents the confusion and disorder that would result from simultaneous adjudication of the same matters in different courts. It is to further these policies that the stay is imposed once the case is commenced, and while the case is pending.

---

1. Under 28 U.S.C. § 157(a), "[e]ach district court may provide that any or all cases under title 11 ... shall be referred to the bankruptcy judges for the district."

■ Although the code is clear with respect to the commencement of a case, it is less clear about what it means for a case to be "pending." According to 28 U.S.C. § 1334(d), the broad grant of exclusive jurisdiction over the property of the debtor and of the estate remains in effect while the case is "pending." 28 U.S.C. § 1334(d). An examination of the effect of the dismissal of the petition may help to clarify this apparent uncertainty.

■ Section 349 of the Bankruptcy Code explains the effect of a dismissal of the bankruptcy petition. It states, in pertinent part, that "unless the court, for cause, orders otherwise, a dismissal of a case ... revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case." 11 U.S.C. § 349(b)(3) (2003). Thus, dismissal undoes the bankruptcy estate, by returning ownership of the estate's property to the pre-filing owner. Consequently, there simply is no bankruptcy estate after the dismissal has been entered. Although the case law on this specific question is scant, the First Circuit has considered the question and has said, "[i]t seems self-evident that there is no 'estate' and hence no 'property of the estate' unless there is an existing petition." *In re Saez,* 721 F.2d 848, 851 (1st Cir. 1983).

Additionally, several courts have held that the automatic stay terminates once the dismissal order is docketed. *See In re Doherty,* 229 B.R. 461, 463 (Bankr. E.D.Wash.1999) (citation omitted); *In re Saez,* 721 F.2d at 851. Section 362(c)(1) of the Bankruptcy Code clearly supports this proposition, stating that "the stay of an act against property of the estate ... continues until such property is no longer property of the estate." § 362(c)(1). Since dismissal revests the property of the estate in the party that owned it prior to the filing

of the petition, the estate has no property once the petition has been dismissed. *See* 11 U.S.C. § 349(b)(3).

■ Thus, dismissal of the bankruptcy petition has the simultaneous effect of undoing the bankruptcy estate and lifting the automatic stay, just as the filing of the petition creates the bankruptcy estate and imposes the automatic stay. *See* 11 U.S.C. § 541 (2003) (stating that filing of the petition creates the bankruptcy estate). In the period between the filing and dismissal of the petition the case is "pending," and the bankruptcy court has exclusive jurisdiction over the property of the debtor and of the estate during that interval. Once the case is dismissed and is no longer pending, the bankruptcy court is divested of exclusive jurisdiction over the property of the Debtor. The question in that case becomes what jurisdiction, if any, the court may exercise over the debtor's property in the post-dismissal context.

Since there is no post-dismissal stay of actions against the debtor, or the debtor's property, Appellant was free to resume his foreclosure action once the dismissal had been docketed. This is precisely what Appellant did, and on December 9, 2002 the state court foreclosure action had reached the stage of imminent resolution. This conclusion is obvious given the fact that the state court issued its foreclosure judgment on December 10, 2002. Although Appellant's full-faith and credit argument is without merit, due to the timing of the respective orders, this Court notes that the foreclosure action had been litigated in the state court both prior to the filing of the petition and after the petition had been dismissed, and had reached the point of decision by the time the Bankruptcy Court issued its Order on December 9, 2002.

The Bankruptcy Court, then, in its Order of December 9, 2002, attempted to exercise jurisdiction over Debtor's proper-

ty by issuing an order effecting the pending foreclosure action. At this point, because the bankruptcy case was no longer pending, the Bankruptcy Court did not have exclusive jurisdiction to issue such an order. The question here is whether the Bankruptcy Court had concurrent jurisdiction over the action, enabling it to properly issue the Order. It is clear that the state court, in which the foreclosure action was pending, had primary jurisdiction over the foreclosure action, since it involved exclusively state law issues. This Court holds that the Bankruptcy Court lacked subject matter jurisdiction, by virtue of its prior dismissal of the petition, to make its December 9, 2002 Order enjoining Appellant's state court foreclosure action.

In the instant case, it is impossible to reconcile the Bankruptcy Court's explicit refusal to vacate the dismissal and reimpose the automatic stay, with its simultaneous decision to make one last order effecting the administration of the estate, which by virtue of the prior dismissal, no longer existed. Essentially, one question was before the Bankruptcy Court at the December 9, 2002 hearing—whether it ought to vacate its prior dismissal of the Debtor's petition, and consequently, reimpose the automatic stay. If it had decided to vacate the dismissal, the petition would have come back to life, the automatic stay would have been reimposed, and Appellant would have been prevented from proceeding with his state court foreclosure action. By refusing to vacate the dismissal, the Bankruptcy Court made a decision not to call the bankruptcy estate back into existence so that the Bankruptcy Court could then administer its assets. It seems self-evident that the Bankruptcy Court did not have the power to make its Order effecting the foreclosure action, since there was no existing petition, and hence no estate for it to administer. In short, there were simply two possible "appropriate" orders for the

Bankruptcy Court to make at the December 9, 2002 hearing: one would have been to vacate the dismissal; the other, which the Bankruptcy Court did in fact make, was not to vacate the dismissal. To append an order, in the nature of a prohibitory injunction, preventing Appellant from proceeding with a state court action on the verge of resolution, was manifestly inappropriate. In sum, this Court finds that, upon dismissal of the bankruptcy petition, the Bankruptcy Court is divested of any jurisdiction to issue orders effecting related proceedings pending in state court which effect the property of the debtor.

The Court recognizes that the Second Circuit has held that a Bankruptcy Court may, after dismissing a bankruptcy petition, retain jurisdiction over actions relating to property of the debtor which are pending in the Bankruptcy Court. *See In re Porges,* 44 F.3d 159 (2nd Cir.1995). The *Porges* case speaks to the Bankruptcy Court's authority to exercise post-dismissal jurisdiction over adversary proceedings pending before the Bankruptcy Court. *See id.* at 162. However, "adversary proceeding" is a term of art which defines certain proceedings instituted by a party before a bankruptcy judge. *See* FED. R. BANKR. P. 7001. Appellant's state court foreclosure action was not such a proceeding, and thus it was not even within the purview of post-dismissal jurisdiction envisioned by *Porges.*

Even assuming that the holding in *Porges* was to be extended to provide for post-dismissal jurisdiction over other related proceedings pending in other courts, the *Porges* case still would not support a finding of jurisdiction here. First, the Court notes that *Porges* provided for the exercise of post-dismissal jurisdiction where the Bankruptcy Court, in its Order dismissing the petition, expressly retained jurisdiction over the related proceeding. *See id.* at

161. This is not the case here. When Judge Cyganowski dismissed Debtor's bankruptcy petition, she did not expressly retain jurisdiction over the foreclosure action, or any other related proceeding. Further, the *Porges* case stated that the "general rule [is] that related proceedings [pending in the bankruptcy court] ordinarily should be dismissed following the termination of the underlying bankruptcy case." *Id.* at 162. In that regard, the *Porges* Court advises that a Bankruptcy Court *may,* within its discretion, exercise concurrent post-dismissal jurisdiction over ancillary proceedings and sets out four factors for the court to consider in determining whether to exercise that jurisdiction. Those factors are: judicial economy, convenience to the parties, fairness, and comity. *See id.* at 162–63. Evaluating those factors, in light of the facts presented in the present case, the Court finds that they do not weigh in favor of the Bankruptcy Court's exercise of jurisdiction. In particular, comity was not served by the Bankruptcy Court's purported exercise of jurisdiction here, as the state court action had been fully litigated and was, as discussed above, on the very verge of resolution. Further, considering the late stage of the state court litigation, the other factors, including judicial economy and fairness to the parties are not served by the Bankruptcy Court interjecting its Order. In fact, by issuing an order effecting the state court action, on the eve of the issuance of the state court's final order in its case, the Bankruptcy Court's Order served to produce confusion and delay and to call into question the validity and effect of the state court's order, all of which the Bankruptcy Court, in deciding whether to exercise concurrent jurisdiction, should seek to avoid. For these reasons, the Court finds that the Bankruptcy Court was without jurisdiction to enter the Order in question.

Because this Court finds that the Bankruptcy Court was without jurisdiction to make that portion of its Order of December 9, 2002 which effected Appellant's state court foreclosure action, the issues of state law argued on this appeal will not be considered. However, the Court notes that Debtor in this case may have relied upon the Orders of the Bankruptcy Court in neglecting to challenge the foreclosure action, and that such reliance may pose a question of estoppel, a matter wholly for the state court to decide. The Order of the Bankruptcy Court of January 26, 2003, denying reconsideration of that portion of the court's December 9, 2002 Order which effected Appellant's state court foreclosure action, is hereby REVERSED, and the case is REMANDED for further proceedings in accordance with this opinion.

SO ORDERED.