SUMMARY ORDER
ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and it hereby is AFFIRMED.
Northwood Estates (“Northwood”) appeals from a September 29, 2003, judgment of the district court, affirming the August 21, 2001, decision of the United States Bankruptcy Court for the Northern District of New York, which granted Evergreen Bank’s (“Evergreen”) motion to dismiss. We assume the parties’ familiarity with the underlying facts, procedural history, and specification of appellate issues and affirm for the following reasons:
(1) Northwood argues that the district court erred in affirming the bankruptcy court’s determination that it lacked subject matter jurisdiction over Northwood’s lender liability claims against Evergreen. However, “[a] bankruptcy court retains post-confirmation jurisdiction in a chapter 11 proceeding only to the extent provided in the plan of reorganization.” In re Johns-Manville Corp., 7 F.3d 32, 34 (2d Cir.1993) (internal citations omitted). Northwood urges a more expansive view of post-confirmation jurisdiction in light of language in In re American Preferred Prescription, Inc., 255 F.3d 87 (2d Cir.2001), and In re Porges, 44 F.3d 159 (2d Cir.1995). These cases are distinguishable. In In re Porges, the bankruptcy court clearly expressed an intent to retain jurisdiction and made concrete efforts to do so. *417 See In re Forges, 44 F.3d at 161. Similarly, American Preferred’s plan included a lengthy section retaining broad bankruptcy court jurisdiction. In re American Preferred, 255 F.3d at 89. In this case, where the claim at issue was collateral to the closed proceeding, there is no indication of any retention of jurisdiction broad enough to include the present claim.
(2) Northwood suggests that the bankruptcy court erred in refusing to hear the lender liability claims under its equitable jurisdiction. We are not persuaded that such jurisdiction exists, but even if it does, the bankruptcy court properly refused to exercise it based on the understanding between the parties that the lender liability claims would not be heard in bankruptcy court. JA at 371.
(3) We have reviewed the remainder of Northwood’s arguments and find them to be without merit. We therefore affirm.