**In re Mark Eugene CHILDS, Debtor.**

**Mark Eugene Childs, Plaintiff,**

**v.**

**Genuent, LLC, f/k/a Facilitek, Services, and Willis Group, LLC, Defendants.**

**Bankruptcy No. 07–38324.**

**Adversary No. 11–03589.**

United States Bankruptcy Court, S.D. Texas, Houston Division.

March 19, 2012.

Charles Anthony Newton, Charles Newton & Associates, The Woodlands, TX, for Plaintiff.

James M. Cleary, Jr., Jeffrey Gresham Tinkham, Martin Disiere Jefferson & Wisdom LLP, Houston, TX, for Defendants.

### *ORDER DISMISSING THIS ADVERSARY PROCEEDING FOR LACK OF SUBJECT MATTER JURISDICTION*

[Adv. Doc. Nos. 16, 19, & 20]

JEFF BOHM, Bankruptcy Judge.

#### I. Procedural Background

On December 3, 2007, Mark Eugene Childs (Childs) filed a Chapter 13 petition. [Main Case Doc. No. 1]. On April 28, 2008, this Court confirmed Childs's Chapter 13 plan (the Plan). [Main Case Doc. No. 39]. Then, approximately one year later on April 6, 2009, this Court granted the Chapter 13 trustee's motion to dismiss and dismissed Childs's case for reasons stated on the record. [Main Case Doc. No. 62]. On October 19, 2009, Childs's bankruptcy case was closed. [Main Case Doc. No. 66].

Over two years later, on November 16, 2011, Childs filed a complaint against Genuent, LLC, f/k/a Facilitek Services and Willis Group, LLC (the Defendants), alleging violation of the automatic stay pursuant to 11 U.S.C. § 362(k)(1) and this Court's wage orders pursuant to 11 U.S.C. § 105. [Adv. Doc. No. 1]. On January 20, 2012, the Defendants filed their Motion to Dismiss for Failure to State a Claim for Which Relief can be Granted Pursuant to Rules 12(b)(6) and 7012(b) (the Motion). [Adv. Doc. No. 16]. On February 8, 2012, Childs filed his Response and Objection to the Motion (the Response). [Adv. Doc. No. 19]. On March 5, 2012, the Defendants filed their Reply to the Response, in which they asserted for the first time that this Court lacks subject matter jurisdiction over Childs's claims. [Adv. Doc. No. 20].

## II. Analysis

In the context of a bankruptcy court's post-confirmation jurisdiction, the Fifth Circuit has held that "[a]fter a debtor's reorganization plan has been confirmed, the debtor's estate, and thus bankruptcy jurisdiction, ceases to exist, other than for matters pertaining to the implementation or execution of the plan." *Bank of Louisiana v. Craig's Stores of Texas, Inc. (In re Craig's Stores of Texas),* 266 F.3d 388, 390 (5th Cir.2001). This Court has previously noted that "[a]lthough *Craig's Stores* and *U.S. Brass* were Chapter 11 cases, the Fifth Circuit's language and reasoning is equally applicable to Chapter 13 cases." *In re Sanchez,* 372 B.R. 289, 301 (Bankr. S.D.Tex.2007).

Here, Childs's Chapter 13 case was dismissed on April 6, 2009 and closed on October 19, 2009. Over two years later, on November 16, 2011, Childs initiated this adversary proceeding, seeking damages from the Defendants for their alleged violation of the automatic stay and this Court's wage orders. Because Childs's Chapter 13 case was dismissed and closed over two years ago, there is no bankruptcy estate left in existence, and there is no plan being implemented or executed. Accordingly, Childs's claims do not qualify as "matters pertaining to the implementation or execution of the plan," as there is no plan remaining in existence that would be affected by this Court's ruling in this adversary proceeding. Thus, pursuant to the Fifth Circuit precedent cited above, this Court lacks subject matter jurisdiction over this proceeding.

Childs cites *In re Prado,* 340 B.R. 574, 579 (Bankr.S.D.Tex.2006) for the proposition that this Court does indeed have jurisdiction over this dispute even though this Chapter 13 case has been dismissed and closed. There is no question that the debtor in *Prado,* like Childs in this case, filed an adversary proceeding for a violation of the stay after the underlying Chapter 13 case was dismissed. And, there is no question that in *Prado,* the Honorable Marvin Isgur concluded that he did have subject matter jurisdiction over the suit because the complaint alleged that the debtor's fundamental bankruptcy protections were violated by a creditor. The undersigned judge disagrees with Judge Isgur's conclusion given the existing Fifth Circuit precedent cited above.

In *Prado,* Judge Isgur cites one Fifth Circuit case in support of his conclusion. That case—*In re Bradley,* 989 F.2d 802 (5th Cir.1993)—concerned a Chapter 7 debtor's filing of a suit in bankruptcy court after he had received his discharge. The suit was based upon an alleged violation by the defendant of § 525 of the Bankruptcy Code. The Fifth Circuit stated that "Generally, jurisdiction over bankruptcy proceedings ceases with the closing of the bankruptcy estate, but Congress has stated that in some instances jurisdiction continues after the estate is closed because

the proceeding would still 'arise under' title 11. A § 525 prejudice proceeding was the example Congress used of such an instance." *Id.* at 804. Thus, in 1993, the Fifth Circuit narrowly carved out post-closing jurisdiction relating to a Chapter 7 debtor.

 Eight years later, in 2001, in *Craig's Stores*, the Fifth Circuit definitively narrowed the post-confirmation jurisdiction of bankruptcy courts in Chapter 11 cases. Because Chapter 13 cases are similar to Chapter 11 cases—at least insofar as plans are confirmed and thereafter implemented—the undersigned judge believes *Craig's Stores* to be more applicable to Chapter 13 cases, including the case at bar, than *Bradley*. *Craig's Stores* and its progeny instruct that once a plan is confirmed and there is no longer an estate, the bankruptcy court's jurisdiction ceases to exist except for matters relating to the implementation or execution of the plan. Here, as already noted, there is no longer any estate, nor is there any plan to implement—which means that there are no circumstances under which this Court has subject matter jurisdiction over the claims brought by Childs. He will have to prosecute those claims in a court of general jurisdiction, i.e. a Texas state court[1].

Accordingly, it is:

ORDERED that this adversary proceeding is dismissed without prejudice to refiling in a court of competent jurisdiction.

---

1. If Childs had filed this adversary proceeding during the pendency of his Chapter 13 case, then this Court's subject matter jurisdiction would have survived the dismissal and closing of the main case. *See Querner v. Querner (In re Querner)*, 7 F.3d 1199, 1201–02 (5th Cir. 1993); *Porges v. Gruntal & Co., Inc. (In re Porges)*, 44 F.3d 159, 163 (2d Cir.1995). But here, Childs filed his suit well after his case had been closed, when there was no longer any estate in existence or plan being implemented.